IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY GRAY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. CCB-02-CV-385 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>JOINT MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE OR IN THE ALTERNATIVE MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND TO PROVIDE DEFENDANTS ADDITIONAL TIME TO FILE THEIR EXPERT DISCLOSURES</u>

Calvert County and Lawrence Stinnett, two of the Defendants, by ALLEN, KARPINSKI, BRYANT & KARP and KEVIN KARPINSKI, their attorneys, and the State of Maryland, Brian Newcomer and Richard Sheldon, by their attorney DONALD E. HOFFMAN, Assistant Attorney General, pursuant to Rules 7 and 37 of the Federal Rules of Civil Procedure, move to strike Plaintiff's expert disclosure, or, in the alternative, to compel Plaintiff to comply with the requirements of Rule 26(a)(2) and provide Defendants with additional time to file their expert disclosures. In support of that motion, Defendants state as follows.

The amended scheduling order in this matter required Plaintiff to file his expert disclosure by February 18, 2003. Plaintiff failed to comply with the amended scheduling order, and filed an untimely expert designation on February 19, 2003. In addition to being untimely, the content of Plaintiff's expert disclosure is insufficient and does not comply with the Federal Rules of Civil Procedure.

Pursuant to the Federal Rules of Civil Procedure, a party's expert disclosure:

> shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the date or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publication authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Federal Rule of Civil Procedure 26 (a) (2) (B).

The Federal Rules also provide that "a party that without substantial justification fails to disclose information required by Rule 26 (a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." Federal Rules of Civil Procedure 37 (c) (1). It is a matter of discretion for the court in deciding whether a Rule 26 violation is substantially justified or harmless. See Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 133 (7th Cir. 1996).

Plaintiff's expert disclosure is woefully insufficient. His expert disclosure merely identifies five expert witnesses and, includes only a brief general statement of the testimony each expert is expected to offer at trial. See Plaintiff's Designation of Experts, incorporated herein by reference and attached hereto as Exhibit A. No expert reports were attached to Plaintiff's expert disclosure. Similarly, Plaintiff has failed to list any cases in which any of his experts have given either deposition or trial testimony. Moreover, Plaintiff has failed to reveal the compensation any of his

2

experts are receiving for their services in this case. Finally, with the exception of Patrick Sheehan, M.D., Plaintiff failed to attach the curriculum vitae for any of his expert witnesses to his expert disclosure.

As a result of Plaintiff's failure to comply with Rule 26, Defendants have been unduly prejudiced in the preparation of their defense in this matter. Without complete expert disclosures, Defendants are unable to determine what, if any, experts they need to retain in this matter. The skeletal information in Plaintiff's disclosure does not provide Defendants with sufficient information regarding the opinions held by Plaintiff's experts to determine whether rebuttal experts are necessary. Defendants cannot be expected to prepare a proper Rule 26 disclosure without knowing what opinions Plaintiff's experts will offer at trial. As a result, it is difficult for Defendants cannot even begin to consider who they may want to designate as an expert, making it impossible for Defendants to file their own expert disclosure in compliance with Rule 26. Moreover, Plaintiff's insufficient disclosure prevents Defendants from adequately preparing their case in regards of Plaintiff's expert.

Defendants have made a good faith effort to resolve this matter without having to file the instant motion. By letter dated February 28, 2003, incorporated herein by reference and attached hereto as Exhibit B, counsel for Calvert County and Mr. Stinnett contacted Plaintiff acknowledging receipt of Plaintiff's expert disclosure. The letter also requested that Plaintiff supplement his expert disclosure, in compliance with Rule 26, within five days, in order to allow Defendants to properly evaluate their case. Plaintiff did not respond to this letter.

By letter dated March 14, 2003, incorporated herein by reference and attached hereto as Exhibit C, counsel for Calvert County and Officer Stinnett again contacted Plaintiff. Defendants requested a second time that Plaintiff comply with the disclosure requirements of Rule 26. In addition, Defendants requested a 30 day extension of time to file their expert disclosure. There was no response.

Although Plaintiff has failed to respond to any of the correspondence sent on behalf of Defendants Calvert County and Mr. Stinnett, Plaintiff did speak with counsel for the remaining Defendants regarding his expert disclosure. By letter dated February 20, 2003, incorporated herein by reference and attached hereto as Exhibit D, Donald Hoffman, counsel for the State of Maryland, Brian Newcomer and Richard Sheldon, advised Plaintiff that his Expert Disclosure did not comply with the Federal Rules of Civil Procedure. On February 21, 2003, Mr. Hoffman spoke with Plaintiff. See Affidavit of Donald E. Hoffman, incorporated herein by reference and attached hereto as Exhibit E, ¶ 3. During the telephone conversation, Plaintiff acknowledged that his expert disclosure was deficient. Exhibit E, ¶ 3. Plaintiff then advised Mr. Hoffman that he would call him by Monday, February 24, 2003 to discuss the matter further. Exhibit E, ¶ 3. Plaintiff failed to call Mr. Hoffman as promised to discuss the issue. Exhibit E, ¶ 4.

Plaintiff's expert disclosure is clearly deficient. It provides Defendants with no substantive basis upon which they can assess whether they need to retain their own expert witnesses. As a result, Defendants are unable to file their own Rule 26 disclosures. Defendants have attempted to resolve this matter without having to involve the Court. However, Plaintiff's failure to

cooperate and supplement his expert disclosure has left Defendants with no alternative but to file the instant motion.

WHEREFORE, Defendants request that the Court strike Plaintiff's Rule 26 statement, or in the alternative, compel Plaintiff to supplement his expert disclosure in a timely fashion and provide Defendants with thirty days to designate their own experts based upon Plaintiff's supplemental Rule 26 disclosure.

| MARYLAND ATTORNEY GENERAL'S OFFICE | ALLEN, KARPINSKI, BRYANT & KARP |
|---|---|
| BY: /s/ <br> DONALD HOFFMAN <br> Assistant Attorney General <br> Maryland State Police <br> 1201 Reisterstown Road <br> Pikesville, Maryland 21208 <br> (410) 653-4223 <br> Attorneys for State of Maryland, Brian Newcomer and Richard Sheldon | BY: /s/ <br> KEVIN KARPINSKI <br> Suite 1540 <br> 100 East Pratt Street <br> Baltimore, Maryland 21202 <br> 410-727-5000 <br> Attorneys for Defendant Calvert County and Lawrence Stinnett |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2003, a copy of the foregoing Motion to Strike Plaintiff's Experts or in the Alternative Motion to Compel Plaintiff's Compliance With Rule 26 of the Federal Rules of Civil Procedure and Provide Defendants Additional Time to File an Expert Designation was filed electronically and was distributed to:

Alan Hilliard Legum, Esquire
ALAN HILLIARD LEGUM, P.A.
275 West Street
Suite 305
Annapolis, Maryland 21401

Joel L. Katz, Esquire
JOEL L. KATZ, L.L.C.
2060 West Street
Annapolis, Maryland 21401
Attorneys for Plaintiff

Donald E. Hoffman
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
Attorney for Defendants State of Maryland, Brian Newcomer and Richard Sheldon

/s/
_____
Of Counsel for Defendant Lawrence Stinnett

G:\CLIENT\322120\Motion to Strike.wpd