IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTHONY GRAY** | * | |
| Plaintiff | * | Civil No. CCB-02-CV-385 |
| v. | * | |
| **STATE OF MARYLAND, et al.** | * | |
| | * | |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE EXPERT DISCLOSURE
OR, IN THE ALTERNATIVE, MOTION TO COMPEL, AND
REQUEST FOR A SECOND AMENDED SCHEDULING ORDER**

Plaintiff, ANTHONY GRAY, by his attorneys, Alan Hilliard Legum, Kathleen Duckett McCann, Alan Hilliard Legum, P.A., Joel L. Katz and Joel L. Katz, L.L.C., hereby responds in opposition to Defendants' Motion to Strike Plaintiff's Expert Designation Or, In The Alternative, Motion to Compel, and requests that same be denied. The grounds, points and authority for Plaintiff's Opposition are as follows:

1. Plaintiff, Anthony Gray ("Gray"), endeavored to comply and, in fact, complied with the Court's deadline for designation of his expert witnesses to the best of his ability given the incompleteness of fact discovery at the time. Gray's Rule 26(a)(2) designation of experts was filed one day late due to a clerical oversight.

2. As of February 18, 2003, the due date for Plaintiff's expert designation, none of the parties in the case had been deposed, and written and document discovery was incomplete.

3. As of the date of this filing, Defendant Lawrence Stinnett has yet to be deposed and written and document discovery is still incomplete. Defendants Newcomer and Sheldon's

depositions are scheduled for April 3, 2003 and Defendant Stinnett's deposition is scheduled for April 9, 2003. The cut-off for discovery is April 30, 2003.

4. Gray's expert designation identified experts he expects will testify at trial by name and address, and provided a brief description characterizing the subject area of each one's expected testimony.

5. In addition, CVs were attached for two of Gray's experts - Patrick J. Sheehan, M.D., and Thomas C. Borzilleri, Ph.D.

6. While acknowledging his expert designations failed to comply with all of the specific requirements of Rule 26(a)(2), Gray explains that full compliance was not possible by February 18, 2003 due primarily to the failure of the parties to complete fact discovery which will necessarily form the basis for the experts' opinions, and due to the fact that this case is based on a murder case which took place approximately twelve years ago and encompasses a file of over 30,000 documents which must be reviewed by counsel in order to present all relevant facts to the experts.

7. In addition, expert Patrick J. Sheehan, M.D., the psychiatrist evaluating the Plaintiff, had not completed his evaluation of the Plaintiff by the deadline so was unable to submit a timely report. He has since completed his evaluation and his written report has been submitted to opposing counsel, attached hereto as Exhibit 1.

8. Thomas C. Borzilleri, Ph.D, and Philip Bussey, Ph.D, CRC, the experts expected to testify as to Gray's future economic damages, necessarily required additional information on Gray from Dr. Sheehan. Now that Dr. Sheehan has completed his evaluation, these expert reports are expected no later than April 30, 2003, the current discovery cut-off date.

9. Edward Mamet and George Kirkman, Ph.D, the experts in police policies and procedures, require the Defendants' deposition transcripts in order to evaluate the practices, policies and procedures followed in connection with the Pellicano murder case (the underlying criminal case) in order to evaluate whether proper practices, policies and procedures were, in fact, followed. Without the Defendants' deposition transcripts, these experts are not able to provide opinions within a reasonable degree of professional certainty. As stated above, the last individual Defendant to be deposed will be Stinnett on April 9, 2003. Mr. Mamet and Dr. Kirkman are expected to have their reports completed no later than April 30, 2003, the end of fact discovery.

10. The Defendants' Motion alleges Defendants tried, in good faith, to resolve this matter without having to file a motion. Plaintiff disagrees.

11. On February 20, 2003, counsel for Defendants Newcomer, Sheldon and the State of Maryland (Donald Hoffman) wrote to counsel for Plaintiff regarding the missing information in his Rule 26(a)(2) expert designation. See Exhibit D to Defendants' Motion. Plaintiff's counsel, Alan Legum, called Mr. Hoffman the following day and explained that, until depositions of the parties are taken, it would be impossible for Plaintiff's experts to provide any sort of meaningful opinion and report. Mr. Legum suggested the parties agree to request extend the deadline for expert and rebuttal expert designations until after the parties' depositions have been taken. Mr. Hoffman indicated to Mr. Legum that he would "think about it and get back to [Mr. Legum]." Mr. Hoffman never got back to Mr. Legum.[1] See Affidavit of Alan Legum, Exhibit 2 attached

---

[1] Defendants' Motion alleges that Mr. Legum was to get back in touch with Mr. Hoffman regarding the suggested change in the schedule, however, Mr. Legum recalls that Mr. Hoffman was to get back to him on that issue. Unfortunately, there was a misunderstanding or breakdown

hereto.

12.   Plaintiff's counsel received two letters from counsel for Defendants Stinnett and Calvert County (Kevin Karpinski), one on February 28, 2003 and the other on March 14, 2003, requesting Plaintiff supplement his Rule 26(a)(2) designations, and for an extension in which to file Defendants' expert designations.  See Exhibits B and C to Defendants' Motion.  Counsel for Plaintiff wrote back to Mr. Karpinski on March 19, 2003, via facsimile, suggesting submitting a joint proposed amended scheduling order to the Court.  See Exhibit 3 attached hereto.  Mr. Karpinski has never responded to that letter.  Instead, he filed the instant motion.

13.   Plaintiff requests the following changes be made to the Amended Scheduling Order: (1) that the deadline for Plaintiff to file the additional information in connection with his expert designations be extended to April 30, 2003 - the current deadline for discovery; (2) that the April 30, 2003 deadline for discovery be amended to apply to fact discovery only.  By that time, all parties' depositions will have been completed and Plaintiff's experts will have had an opportunity to review the transcripts and formulate their opinions and submit a meaningful report; (3) that the deadline for Defendants to file their expert designations be extended to May 30, 2003, which would give them thirty (30) days to have their experts evaluate Plaintiff's expert reports; (4) that the deadline for Plaintiff's rebuttal Rule 26(a)(2) disclosures be extended to June 6, 2003; (5) that Rule 26(e)(2) supplementation of disclosures and responses be extended to June 13, 2003; (6) that the discovery deadline be extended to July 13, 2003, and that the parties' Status Reports be due by that date; (7) that the deadline for requests for admissions be extended to July 20, 2003; and that the deadline for dispositive pretrial motions be extended to August 13, 2003.

---

in communication regarding this matter, no doubt, inadvertent.

15. Amending the current Scheduling Order, as suggested, would not be prejudicial to the Defendants but, rather, would be beneficial to all parties as it makes no sense for either side to submit a report based on incomplete and insufficient information simply to comply with a deadline. A proposed Second Amended Scheduling Order is attached hereto.

16. No trial date has been set and, due to the voluminous number of potential documents in this case, document discovery remains incomplete.

17. Federal Rule 37(c)(1) states that a "party that *without substantial justification* fails to disclose information required by Rule 26(a) . . . shall not, *unless such failure is harmless*, be permitted to use as evidence . . . on a motion any witness or information not so disclosed." [Emphasis added]. The question of whether the omission is substantially justified or harmless is left to the broad discretion of the District Court. <u>Cambridge Captial Group, Inc. v. Fitness America Joint Venture</u>, 20 Fed. Appx. 121, 123-34, 2001 U.S. App. LEXIX 14561 (4th Cir. 2001) (upholding the district court's disallowance of plaintiffs' expert because the reports submitted under Rule 26(a)(2) were "so vague that they did not permit [defendants] to prepare a proper defense." The Court noted that the district court [had] ordered plaintiffs to submit more specific expert reports, however, they failed to comply with the order. In addition, plaintiffs offered no justification for their failure to comply with the requirements of Rule 26(a)(2)(B).).

18. This is not a case like <u>Cambridge</u> where the Court has given a party every opportunity to comply with the Rule and that party has deliberately ignored the Court's Order. This is a case where, despite Plaintiff's efforts, he was unable to comply with all of the requirements of Rule 26(a)(2) by the deadline. In this case, Plaintiff has offered a reasonable justification for his inability to comply *and*, given the procedural stage of this case, his non-

compliance is harmless to the opposing side.

19.    Plaintiff's case is based on allegations of violation of his civil rights and incarceration for over seven years for a rape and murder he did not commit.  To disallow Plaintiff's experts would be highly prejudicial to Plaintiff's case and would not be in the interest of justice.

20.    The law clearly favors permitting Plaintiff to provide the additional information in connection with his experts within a reasonable amount of time since there is no bad faith, no trial date has been set, and fact discovery will not end under the current Order until April 30, 2003.  See Potomac Elec. Power Co. v. Elec Motor Supply, Inc., 190 F.R.D.372 (D. Md. 1999) (where the Court granted the plaintiff's motion to amend the scheduling order to designate an expert witness because the expert testimony was important to the plaintiff's case and defendant would not be prejudiced since there was no scheduled trial date).

21.    Plaintiff Anthony Gray's non-compliance with Rule 26(a)(2) was not in bad faith, was justified under the circumstances, does not prejudice the Defendants, and does not require a change in trial date.

WHEREFORE, Plaintiff requests that this Honorable Court Deny Defendants' Motion to Strike or, In the Alternative, to Compel, and Grant his Motion requesting an amendment of the Amended Scheduling Order, as submitted.

                                                  Kathleen Duckett McCann
ALAN HILLIARD LEGUM, P.A.
275 West St., Ste. 305
Annapolis, Maryland   21401
410-263-3001

Joel L. Katz
JOEL L. KATZ, L.L.C.
2060 West Street
Annapolis, Maryland 21401
410-841-5333

*Attorneys for the Plaintiff*

## REQUEST FOR HEARING

Plaintiff requests a hearing on his Opposition to Defendants' Motion to Strike.

_____
Kathleen Duckett McCann

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _____ day of April, 2003 in the above mentioned matter, I caused to be served, by first class mail, Plaintiff's Opposition to Motion to Strike Plaintiff's Expert Disclosure or, In the Alternative, Motion to Compel Plaintiff's Compliance with Rule 26 of the Federal Rules of Civil Procedure and to Provide Defendants Additional Time to File Their Expert Disclosures, to Donald E. Hoffman, Esquire, 1201 Reisterstown Road, Pikesville, Maryland 21208; and to Kevin Karpinski, Esquire, 100 E. Pratt Street, Suite 1540, Baltimore, Maryland 21202.

_____
Kathleen Duckett McCann

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ANTHONY GRAY** | * | |
| Plaintiff | * | Civil No. CCB-02-CV-385 |
| v. | * | |
| **STATE OF MARYLAND, et al.** | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \*

ORDER

UPON CONSIDERATION of Defendants Motion to Strike Plaintiff's Expert Disclosure or, In the Alternative, Motion to Compel Plaintiff's Compliance With Rule 26 of the Federal Rules of Civil Procedure and to Provide Defendants Additional Time to File their Expert Disclosures, Plaintiff's opposition thereto, Plaintiff's Request for a Second Amended Scheduling Order, Defendants' opposition thereto, if any, and any argument heard, it is, on this ___ day of _____, 2003, by the United States District Court for the District of Maryland, hereby

ORDERED, that the Defendants' Motion is DENIED; and it is further

ORDERED, that the Plaintiff's Motion is GRANTED; and it is further

ORDERED, that the Second Amended Scheduling Order attached hereto shall be in effect.

_____
CATHERINE C. BLAKE
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**ANTHONY GRAY**              *

    Plaintiff              *   Civil No. CCB-02-CV-385

v.                            *

**STATE OF MARYLAND, et al.**  *

                         *

    Defendants.

\* \* \* \* \* \* \* \* \* \* \*

## SECOND AMENDED SCHEDULING ORDER

| | |
|---|---|
| Plaintiff's Rule 26(a)(2) disclosures re experts | April 30, 2003 |
| Close of fact discovery | April 30, 2003 |
| Defendants' Rule 26(a)(2) disclosures re | May 30, 2003 |
| Plaintiff's rebuttal Rule 26(a)(2) disclosures re experts | June 6, 2003 |
| Rule 26(e)(2) supplementation of disclosures and responses | June 13, 2003 |
| **Discovery deadline; submission of status report** | **July 11, 2003** |
| Request for admissions | July 18, 2003 |
| **Dispositive pretrial motions deadline** | **August 13, 2003** |

Date: _____

Catherine C. Blake
United States District Judge