IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY GRAY                 *

      Plaintiff              *

v.                               *        Civil Action No. CCB-02-CV-385

STATE OF MARYLAND, et al.      *

      Defendants         *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' JOINT REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE OR IN THE ALTERNATIVE MOTION TO COMPEL AND OPPOSITION TO PLAINTIFF'S REQUEST FOR A SECOND AMENDED SCHEDULING ORDER

Calvert County and Lawrence Stinnett, two of the Defendants, by ALLEN, KARPINSKI,

BRYANT & KARP and KEVIN KARPINSKI, their attorneys, and the State of Maryland, Brian

Newcomer and Richard Sheldon, three of the Defendants, by their attorney DONALD E.

HOFFMAN, Assistant Attorney General, hereby submit this (1) reply to Plaintiff's opposition to

their motion to strike Plaintiff's expert disclosure or in the alternative, motion to compel, and (2)

opposition to Plaintiff's request for a second amended scheduling order.

Plaintiff does not dispute that his expert disclosure was untimely, that it was deficient

when it was filed, and that it still does not comply with the requirements of Rule 26 (a) (2) of the

Federal Rules of Civil Procedure. In his opposition, Plaintiff contends quite simply that he could

not file a timely and proper Rule 26 Disclosure because fact discovery was incomplete. According

to Plaintiff, he will not be able to file a proper Rule 26 Disclosure until he has completed his fact

discovery on or about April 30, 2003, which happens to be the current discovery deadline. By his

actions, Plaintiff has in effect unilaterally decided to amend the scheduling order to fit his own discovery time-line, in flagrant disregard for the Court's scheduling order. In order to accommodate the discovery schedule he has already placed himself on, Plaintiff has moved to modify the scheduling order a second time. Defendants oppose that motion, and request that the Court strike Plaintiff's expert disclosure and deny Plaintiff's motion to modify the scheduling order.

Plaintiff claims that his expert disclosure is deficient because four out of his five experts cannot prepare their reports until other discovery has been completed. According to Plaintiff, Dr. Borzilleri and Dr. Bussey, his economic experts, cannot prepare their reports until Dr. Sheehan, his psychiatric expert, has completed his examination of him. It is unclear from Plaintiff's opposition however, exactly why Dr. Borzilleri and Dr. Bussey cannot prepare their economic reports without reviewing Dr. Sheehan's psychiatric evaluation. A thorough examination of Dr. Sheehan's report, which has now been filed, offers no further insight as to how Dr. Sheehan's opinions will impact Plaintiff's economic damages claim. Dr. Sheehan's report does not offer any opinions regarding what, if any, impact the incident in question will have on Plaintiff's ability to work in the future, and does not opine that Plaintiff is unable to work in any particular capacity or occupation. Plaintiff also contends that Edward Mamet and George Kirkman, the individuals he has identified as experts in police policies and procedures, cannot prepare their reports until they have reviewed the depositions of the Defendants in this case, which were taken in early April, 2003.

The amended scheduling order in this case was entered on October 16, 2002.  (See Amended Scheduling Order, incorporated herein by reference and attached hereto as Exhibit A.) Plaintiff inexplicably waited until February 4, 2003 to undergo a psychiatric examination with Dr. Sheehan. Dr. Sheehan did not produce his expert report until March 29, 2003. Plaintiff apparently knew that his economic experts would need to review Dr. Sheehan's report prior to completing their own reports, and should have requested that Dr. Sheehan complete his examination and report sooner. Plaintiff apparently did not do so. Had Plaintiff requested Dr. Sheehan complete his examination and report sooner, both his report, and the reports of Plaintiff's economists could have been completed by February 18, 2003, the deadline for Plaintiff's expert disclosure. Instead, Plaintiff elected to disregard the scheduling order, and has conducted discovery on his own schedule. As a result, rather than being able to disclose his expert's opinions by February 18, 2003, he will not be able to until April 30, 2003, ten weeks after he was required to do so.

Similarly, Plaintiff should have known that Mr. Mamet and Dr. Kirkman needed to review the depositions of Defendants in this case before they could prepare their expert reports. Consequently, Plaintiff should have noted Defendants' depositions earlier than the beginning of April, 2003. There was ample time following the entry of the Amended Scheduling Order for Plaintiff to conduct Defendants' depositions so that his experts could prepare timely reports in coordination with the Court's scheduling order. However, Plaintiff chose to ignore the scheduling order and conducted discovery on his own time-line. As a result, neither Mr. Mamet or Dr. Kirkman have filed their expert reports in this case. Those expert reports, along with the expert reports of Dr. Borzilleri and Dr. Bussey, are not expected until April 30, 2003. Clearly, the fact that

3

Defendants will not even receive the reports prepared by four out of five of Plaintiff's experts until discovery closes prejudices Defendants in this case, and is a sufficient basis upon which to strike Plaintiff's expert disclosure.

Furthermore, it should be noted that although the numerous deficiencies in Plaintiff's Rule 26 Disclosure have been pointed out to Plaintiff, he has still not made a good faith effort to provide Defendants with information that should already be available to him. The Federal Rules require Plaintiff to produce:

> the qualifications of the witness, including a list of all publication authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony, and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

See Fed Rules of Civil Procedure, Rule 26. Plaintiff has offered no explanation as to why he has not produced (1) the curriculum vitaes for each of his experts, (2) a list of each expert's publications, (3) information related to the compensation each of his experts is receiving for his efforts, and (4) a listing of the cases in which each expert has previously testified. Plaintiff does not need additional discovery to disclose this information. If Plaintiff were acting in good faith, this information, which is clearly independent from the factual circumstances in this case, would have been produced in an effort to at least alleviate some of the burden imposed on Defendants by Plaintiff's failure to file a timely and proper expert disclosure. Plaintiff has, however, inexplicably elected not to provide this information.

Plaintiff also claims that Defendants did not make a good faith effort to resolve this matter before filing their motion. Plaintiff claims that his counsel, Mr. Legum, spoke with Mr. Hoffman,

counsel for the State of Maryland, Brian Newcomer and Richard Sheldon, regarding the deficiencies in Plaintiff's expert disclosure. Plaintiff claims that Mr. Hoffman told Mr. Legum during a telephone conversation he would "get back to him" regarding how to address the deficiencies in Plaintiff's expert disclosure. In his affidavit, however, Mr. Legum concedes that later in the same conversation, he advised Mr. Hoffman that he would contact him regarding other issues on February 24, 2003. Mr. Legum claims he was unable to call Mr. Hoffman on February 24, 2003, and that he never bothered to call Mr. Hoffman to discuss any outstanding issues. In as much as the discovery dispute is based upon Plaintiff's failures to provide proper discovery, the impetus should have been with Plaintiff's counsel to follow up with Mr. Hoffman, not for Mr. Hoffman to follow up with Plaintiff's counsel.

In addition, Plaintiff claims that counsel for Calvert County and Officer Stinnet, Kevin Karpinski, failed to respond to a letter suggesting a modification to the scheduling order to resolve the issues related to his deficient expert disclosure. Plaintiff's opposition fails to recognize that Defendants' motion was filed the same day that the letter in question was written. More importantly, Plaintiff's opposition fails to disclose that Defendants' motion was filed before Plaintiff's counsel sent the letter in question. Defendants' motion was filed electronically with the Court at 3:26 p.m. on March 19, 2003. (See Notice of Electronic Filing, incorporated herein by reference and attached hereto as Exhibit A, p. 1.) The self-serving letter from Plaintiff's counsel to Mr. Karpinski, suggesting a modification of the scheduling order, was faxed from Plaintiff's counsel's office at 3:48 p.m. on March 19, 2003, twenty minutes after the motion was filed. (See Letter from Kathleen Duckett McCann to Kevin Karpinski, dated March 19, 2003,

5

incorporated herein by reference and attached hereto as Exhibit B.) Therefore, Plaintiff's bald allegation that Defense counsel did not make a good faith effort to resolve these issues before filing the motion to strike is disingenuous. Defendants attempted to resolve the dispute in question, but Plaintiff failed to take any action to do so. Plaintiff's opposition simply attempts to rewrite history to justify his failure to work with Defendants to resolve this matter without intervention from the Court.

Plaintiff also contends that his experts should not be stricken because Dr. Sheehan's expert report has now been filed. A thorough examination of Dr. Sheehan's report, however, reveals that it should be stricken not only because it is untimely, but because it expresses opinions that Dr. Sheehan is not qualified to offer. In his skeletal Rule 26 Disclosure, Plaintiff states:

> Dr. Sheehan is expected to testify as to Plaintiff's cognitive disability, associated with vulnerability, and as to the emotional trauma sustained by Plaintiff which arose from incarceration in regard to this case. There is no report for Dr. Sheehan at this time. Dr. Sheehan's CV is attached.

(See Plaintiff's Designation of Experts, incorporated herein by reference and attached hereto as Exhibit C.) Dr. Sheehan's curriculum vitae identifies him as a licensed psychiatrist. (See Dr. Sheehan's Curriculum Vitae, incorporated herein by reference and attached hereto as Exhibit D.)

Dr. Sheehan's expert report expresses opinions that are not identified in Plaintiff's Designation of Experts, and, more importantly, which he is not qualified to offer. In his report, Dr. Sheehan opines:

> With a reasonable degree of medical certainty, the proximate cause of [Plaintiff's] Major Depressive Disorder, and Symptoms of Post

6

>Traumatic Stress Disorder, was <u>being</u> <u>coerced</u> <u>into</u> <u>giving</u> <u>a</u> <u>false</u>
><u>confession</u>, and the trauma of jail.

(<u>See</u> Dr. Sheehan's Expert Report, attached to Plaintiff's Opposition as Exhibit 1, p. 9)  (Emphasis

added).  Dr. Sheehan also opines,

>With a reasonable degree of medical certainty, [Plaintiff] was <u>coerced</u>
><u>and</u> <u>manipulated</u> <u>into</u> <u>giving</u> <u>a</u> <u>false</u> <u>confession</u>.

(Emphasis added) <u>Id.</u>

Dr. Sheehan is not qualified to offer an opinion as to whether Plaintiff was coerced into

giving a false confession.  Dr. Sheehan is a psychiatrist.  There is nothing in his professional

background, as described in his curriculum vitae, that would suggest that he is even remotely

qualified to testify as to what the proper police interrogation and investigation procedures are.

Rather, that is precisely the area of expertise that Plaintiff claims Mr. Mamet and Dr. Kirkman

have.[1]  More importantly, Dr. Sheehan is not qualified to determine whether Plaintiff's confession

was false.  Dr. Sheehan's opinion that Plaintiff gave a false confession is based merely on his own

personal assessment of Plaintiff's character, and his assumption that Plaintiff was telling him the

truth during his examination of Plaintiff.  The issue of Plaintiff's credibility rests solely with the

jury, not Dr. Sheehan.  Therefore, to the extent that the only opinion Dr. Sheehan offers in his

expert report is that Plaintiff was coerced into giving a false confession, his report should be

stricken.

---

[1] In his Rule 26 Disclosure, Plaintiff states that Mr. Mamet and Dr. Kirkman are "expert[s]
in police policies and procedures and will testify that the conduct of the defendants in this case
fell below the standard of care applicable to police investigations and interrogation practices."

Assuming *arguendo* Dr. Sheehan is qualified to opine that Plaintiff was coerced into giving a false confession (clearly he is not), expert testimony on that issue is not necessary in this case. It is well settled that expert testimony should not be permitted when such testimony might supplant a jury's independent exercise of common sense. Scott v. Sears, Roebuck & Co., 789 F.2d 1052 (4th Cir. 1986). The jury does not need to hear an expert tell them that in his opinion Plaintiff was coerced into giving a confession. The members of the jury will be able to determine, based upon their own independent judgment and experiences, and the testimony of the fact witnesses, whether the police officers that interrogated Plaintiff coerced a confession from him. Consequently, Dr. Sheehan report should be stricken because the only opinions he has to offer will improperly interfere with the jury's independent common sense determination as to whether Plaintiff was coerced into giving a false confession.

Finally, in addition to not being of any assistance to the jury, it is clear that Dr. Sheehan's opinions concern the ultimate issues before the Court. While Federal Rule of Evidence 704 now permits expert testimony on matters which "embrace" the ultimate issue, there is a significant difference between expert testimony that "embraces" and testimony that <u>decides</u> the ultimate issue at hand. Expert testimony that does no more than simply offer an opinion on the ultimate issue at hand, improperly allows an expert to testify regarding his legal conclusion of the case. The cases interpreting Federal Rule of Evidence 704 have expressly held that an expert may not testify regarding the legal standard or otherwise express a legal conclusion. Adalman v. Baker, Watts & Co., 807 F.2d 359, 366 (4th Cir. 1986)("[I]t is the responsibility — and duty — of the court to state to the jury the meaning and application of the appropriate law, leaving the jury the task

of determining the facts which may or may not bring the challenged conduct within the scope of the court's instructions as to the law"); <u>Federal Realty Investment v. Pacific Ins. Co.</u>, 760 F. Supp. 533, 538 (D. Md. 1991)("expert testimony concerning applicable legal standards is improper and inadmissible"). <u>See also</u> <u>Hygh v. Jacobs</u>, 961 F.2d 359, 364 (2nd Cir. 1992)(the trial court should not have permitted an expert in an excessive force case to testify that defendant's actions were "justified" or "warranted"); <u>Shahid v. City of Detroit</u>, 889 F.2d 1543, 1547 (6th Cir. 1989)(trial court properly excluded physician in civil rights case from testifying that correctional officer was negligent in failing to give medical treatment); <u>Owen v. Kerr-McGee Corp.</u>, 698 F.2d 236, 240 (5th Cir. 1983)("Rule 704, however, does not open the door to all opinions. The Advisory Committee notes make it clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give legal conclusions."); <u>Hermitage Industries v. Schwerman Trucking Co.</u>, 814 F. Supp. 484, 487 (D.S.C. 1993)(trial court properly excluded expert testimony that plaintiff was negligent and that his negligence was the proximate cause of the explosion).

Dr. Sheehan's report is nothing more than an extended narrative about a legal conclusion: that if Plaintiff's version of the facts is correct, Plaintiff was coerced into giving a false statement. There is no indication in Dr. Sheehan's report that he has considered Defendant's version of the facts. Based upon his report, Dr. Sheehan intends to testify at trial that Plaintiff was coerced into giving a false confession based solely on his examination of Plaintiff, and a review of some records related to this case. Whether Plaintiff was coerced into testifying falsely is the ultimate issue for the jury to decide in this case. If the jury believes the Plaintiff's version of facts it may reach the

same conclusion that Dr. Sheehan has reached, and award Plaintiff damages.  If, however, the jury

believes the Defendants' version of the facts, which Dr. Sheehan has not considered, then the jury

may reach conclusions contrary to Dr. Sheehan's and find in favor of Defendants.  Therefore, Dr.

Sheehan's report should be stricken from the record.

**CONCLUSION**

Defendants request that the Court strike Plaintiff's Rule 26 Disclosure, or in the alternative,

compel Plaintiff to supplement his expert disclosure in a timely fashion and provide Defendants

with thirty days to designate their own experts based upon Plaintiff's supplemental Rule 26

disclosure.  Defendant does not believe that any further amendments to the scheduling order are

necessary, and therefore also requests that the Court deny Plaintiff's motion to modify the

scheduling order.

| | |
|---|---|
| MARYLAND ATTORNEY GENERAL'S OFFICE | ALLEN, KARPINSKI, BRYANT & KARP |

BY: _____        BY: _____/s/_____
       DONALD HOFFMAN                          KEVIN KARPINSKI
       Assistant Attorney General               Suite 1540
       Maryland State Police                    100 East Pratt Street
       1201 Reisterstown Road                   Baltimore, Maryland 21202
       Pikesville, Maryland 21208               410-727-5000
       (410) 653-4223                           Attorneys for Defendant Calvert County
       Attorneys for State of Maryland,         and Lawrence Stinnett
       Brian Newcomer and Richard
       Sheldon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21ST day of April, 2003, a copy of the foregoing Defendants'
Joint Reply to Plaintiff's Opposition to their Motion to Strike Plaintiff's Expert Disclosure or in the
alternative Motion to Compel and Opposition to Plaintiff's Request for a Second Amended
Scheduling Order was filed electronically and was distributed to:

Alan Hilliard Legum, Esquire
ALAN HILLIARD LEGUM, P.A.
275 West Street
Suite 305
Annapolis, Maryland 21401

Joel L. Katz, Esquire
JOEL L. KATZ, L.L.C.
2060 West Street
Annapolis, Maryland 21401
Attorneys for Plaintiff

Donald E. Hoffman
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
Attorney for Defendants State of Maryland, Brian Newcomer and Richard Sheldon


_____/s/_____
Of Counsel for Defendant Lawrence Stinnett

G:\CLIENT\322120\Motion to Strike Reply.wpd