IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY GRAY | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.: CCB-02-CV-385 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR ADDITIONAL TIME TO SUBMIT
FULL REPORTS OF TWO DAMAGES EXPERTS

TFC Brian Newcomer, Det. Sgt. Richard Sheldon (Ret.), and State of Maryland, Defendants, by their attorney, Donald E. Hoffman, Assistant Attorney General, pursuant to Local Rule 105(2)(a) hereby file their Opposition to Plaintiff's Motion for Additional Time to Submit Full Reports of Two Damages Experts and respectfully represent to this Honorable Court that:

1. Suit in this matter was originally filed on February 7, 2002, with an Amended Complaint subsequent to that. Current counsel, Alan Hilliard Legum, Esquire and Joel L. Katz, Esquire, are the attorneys of record on both pleadings.

2. Because of Plaintiff's failure to fully comply with this Honorable Court's Amended Scheduling Order of October 16, 2002, requiring "Plaintiff's Rule 26 (a)(2) disclosures re experts" by February 18, 2003, the Defendants were forced to file their Joint Motion to Strike Expert Disclosure or in the Alternative, Motion to Compel.

Plaintiff then filed his Opposition thereto and a Request for a Second Amended Scheduling Order.

3. On May 14, 2003, this Honorable Court issued its Order amending the Scheduling Order of October 16, 2002. In pertinent part, the Order provided that 4. any remaining information required to be provided by the plaintiff under Rule 26 (a)(2) shall be forwarded to defense counsel no later than May 19, 2003. It is to this requirement Plaintiff s counsel now seek an extension of time.

4. With suit having been filed more than one year ago by the same Plaintiff s attorneys that now seek another extension to this Honorable Court s Scheduling Order, it should not be an acceptable excuse, or considered excusable neglect, that a retained expert, as of May 16, 2003, has been unable to meet with the party that retained him.

5. The Defendants herein recognize that the determination of whether a Fed. R. Civ. P. 26(a) violation is substantially justified or is harmless error is within the sound discretion of this Honorable Court. <u>Mid-American Tablewares, Inc. v. Mogi Trading Co.</u>, 100 F.3d 1353, 1363 (7th Cir. 1996); see, <u>Adalman v. Baker, Watts & Co.</u>, 807 F.2d 359, 369 (4th Cir. 1986). For Plaintiff s counsel to fail to comply with the several Amended Scheduling Orders of this Honorable Court by proffering that within 15 months of filing suit, a retained expert, who maintains an office in a county contiguous to Plaintiff s county of residence, could not meet with Plaintiff, shows a lack of due diligence that ought not be allowed by this Honorable Court.

WHEREFORE, the Defendants herein respectfully request that:

A. Plaintiff's request to amend the current Order of this Honorable Court to allow additional time to submit the Rule 26(a) information for Drs. Borzilleri and Bussey be denied.

B. And for such other and further relief as the nature of their cause may require.

Respectfully submitted,

J. Joseph Curran, Jr.
Attorney General

/s/ Donald E. Hoffman
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
410-653-4227
Federal Bar No. 23529

Attorney for Defendants
Brian Newcomer, Richard Sheldon
and State of Maryland

CERTIFICATE OF SERVICE

I hereby certify on this 28th day of May, 2003, I caused to be served, by and through E-filing with the United States District Court for the District of Maryland, Defendants Newcomer, Sheldon, and State of Maryland's Opposition to Plaintiff's Motion for Additional Time to Submit Full Reports of Two Damages Experts to Alan Hilliard Legum, Esquire, Joel L. Katz, Esquire, and to Kevin Karpinski, Esquire.

/s/ Donald E. Hoffman
Assistant Attorney General
Maryland State Police

4