June 13, 2003

The Honorable Catherine C. Blake
United States District Court for the
District of Maryland
Garmatz Federal Courthouse
101 West Lombard Street
Baltimore, Maryland  21201

      Re:    Anthony Gray v. State of Maryland, et al.
                 Case No. CCB-02-CV-385

Dear Judge Blake:

      Thank you for giving us an opportunity to respond in writing to the discovery dispute regarding our police expert witnesses' fees.  As you recall, we have designated two police experts: Mr. Mamet from Connecticut and Dr. Kirkham from Florida.  Mr. Mamet and Dr. Kirkham both customarily charge a flat fee of $2,500 for a deposition lasting no more than one day.  Mr. Mamet is holding fast to that fee.  Dr. Kirkham is willing to charge $300 per hour but wants to be paid for three hours of preparation time.  Under the Local Rules, defendants are not responsible for expert witness preparation time.

      Under Federal Rule 26(b)(C), "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . ."  The federal courts have developed a six (or sometimes seven) point test to determine whether an expert's fee is reasonable.  The elements are: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.  Goldwater v. Postmaster Gen'l of the United States, 136 F.R.D. 337 (D.Conn. 1991); Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493 (S.D. Iowa 1992).

      Applying those factors to the two experts at issue:

      (1) Experience and (2) Education: Mr. Mamet is a retired Captain with the New York City Police Department with almost forty years of service.  He has a B.S. in Criminal Justice

The Honorable Catherine C. Blake
June 13, 2003
Page 2

and an M.P.A. in Public Administration. He has vast experience in law enforcement with an emphasis on police investigation. He has also taught at a number of institutions of higher learning. His C.V. is attached. Dr. Kirkham holds a Doctorate in Criminology from the University of California, Berkeley. He is currently a Professor Emeritus at the School of Criminology and Criminal Justice at the Florida State University, Tallahassee, Florida. Dr. Kirkham's professional and educational credentials are impressive. He has served as a consultant on countless board and associations in the field of police civil liability. His C.V. is attached. He has authored numerous articles and professional papers with an emphasis on police practices and civil rights. Both experts Mamet and Kirkham are clearly at the top of their fields.

(3) Prevailing rates: We were unable to find much in the way of prevailing rates for police experts. What we did find is in line with the fees these experts charge. For example, Ken Barnes, M.S., a police expert from Yuma, Arizona, holds a M.S. in Criminal Justice from California State University at Long Beach, California. He is currently Professor of Administration of Justice at Arizona Western College, Yuma, Arizona. He has twenty years some of experience involving police practices, however, his focus does not appear to be on the civil rights of suspects. His special area of expertise does include crime scene investigation, however. He charges a flat fee of $2,000 per day (or part) for a deposition or trial testimony. His information is attached.

(4) Quality and complexity of testimony: Although these are not medical doctor experts, their areas of expertise are highly specialized and require much knowledge and years of experience in the fields of police practices and civil rights law. Their experience is acquired both in the classroom and "on the street" under potentially life-threatening circumstances. They have the right to be well compensated for their hard-earned consulting expertise.

(5) The cost of living: This factor seems to be of little relevance in the area of police practices and civil rights since, unlike the fields of medicine and engineering, it is less common and experts in this field are frequently called in from out of state as opposed to being local. However, the cost of living along the eastern seaboard - Florida, Maryland, Connecticut - is generally considered relatively high compared to other areas of the country.

(6) Other factors: We would ask the Court to consider the nature of Mr. Gray's complaint and his situation. He brought this case because he spent over seven years behind bars for a crime he did not commit but was coerced into confessing to due to the actions of the defendants. Regardless of the outcome of this case, Mr. Gray knows he was mistreated under the law by law enforcement. He paid the highest price for the defendants' unlawful actions. He has limited intellectual capacity, limited education, and limited financial resources. Mr. Gray ought to be able to retain the most qualified experts available to him in

The Honorable Catherine C. Blake
June 13, 2003
Page 3

order that he finally have access to justice.  The defendants, on the other hand, have vastly more resources which they can pool in order to pay for their combined defense.  It strikes us as fundamentally unfair to require Mr. Gray to pay for any portion of the defendants' defense against Mr. Gray under the circumstances of this case.

Accordingly, for all of the above reasons, Mr. Gray requests that the Court order defendants to pay the full cost of taking his experts' depositions.  Thank you for your consideration.

Sincerely,

*Kathleen Duckett McCann*

Kathleen Duckett McCann
ALAN HILLIARD LEGUM, P.A.

KDM/dc

Encls.