J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

CARMEN M. SHEPARD
DEPUTY ATTORNEY GENERAL

DONNA HILL STATON
DEPUTY ATTORNEY GENERAL

OFFICES OF



THE ATTORNEY GENERAL
DEPARTMENT OF MARYLAND STATE POLICE
1201 REISTERSTOWN ROAD
PIKESVILLE, MARYLAND 21208
(410) 653-4223
FAX (410) 653-4270
TOLL-FREE 1-800-525-5555

BETTY STEMLEY SCONION
PRINCIPAL COUNSEL

SHARON BENZIL McCANN
DEPUTY COUNSEL

MARK H. BOWEN
ASSISTANT ATTORNEY GENERAL

DONALD E. HOFFMAN
ASSISTANT ATTORNEY GENERAL

RICHARD M. KASTENDIECK
ASSISTANT ATTORNEY GENERAL

H. SCOTT CURTIS
ASSISTANT ATTORNEY GENERAL

June 18, 2003

The Honorable Catherine C. Blake
United States District Court for the
 District of Maryland
Garmatz Federal Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

RE:    Gray v. State of Maryland, et al.
       Case No.: CCB-02-CV-385

Dear Judge Blake:

Defendants State of Maryland, Sgt. Brian Newcomer, and Detective Sgt. Richard Sheldon thank you for the opportunity to respond to Plaintiff's letter of June 13, 2003, regarding his police practices experts' fees. As counsel for these Defendants, I join Kevin Karpinski, Esquire, in his petition to this Honorable Court regarding the unreasonableness of the fees Plaintiff's police practices experts intend to charge for deposition testimony.

The six or seven factor tests identified in Plaintiff's letter to Your Honor have been used by other Federal Circuits as an aid in determining the reasonableness of experts' fees. It's clear, however, that such a determination is within the sound discretion of the trial court. Copeland v. School Board of City of Portsmouth, 464 F.2d 932, 934 (4th Cir. 1972).

Plaintiff's letter identifies and includes the curriculum vitae of Mr. Edward Mamet and Dr. George Kirkham as their "two police experts."[1]    However, by Alan H. Legum's letter of May 22, 2003, Walter Signorrelli, not Mr. Mamet, was identified as the actual

---

[1] In Berry v. City of Detroit, 25 F.3d 1342, 1352 (6th Cir. 1994) the Sixth Circuit Court of Appeals wrote "there is no such 'field' as 'police policies and practices.' This term, however, is so broad as to be devoid of meaning. It is like declaring an attorney an expert in the 'law.'"

individual from ECJM Consultants to testify in this matter. See Exhibit "A". Therefore, the education and experience of Mr. Mamet was unnecessarily included.

Of significant importance to the issue of the reasonableness of an expert's fee is Local Rule 104.11(a) and (b). Subsection (a) provides "[t]he fee charged by the expert for time spent preparing for the deposition shall be paid by the party designating the expert." This was an issue with Dr. Kirkham who intends to charge the Defendants $300 per hour for three hours of deposition preparation time.

Additionally, Local Rule 104.11(b) provides that "a treating physician shall not charge a fee higher than the hourly fee that he or she customarily charges for in-office patient consultation or $200 per hour, whichever is lower...." This limitation of fees is highly significant as an indicator of what the United States District Court for the District of Maryland apparently considers as a reasonable fee for medical testimony.

The distinction of medical or scientific testimony is important here because Plaintiff's experts will not be offering medical or scientific testimony obtained as a result of an advanced degree in a specialized field. In fact, both Dr. Kirkham and Mr. Signorrelli are more akin to what is often referred to as experience experts.[2]

Plaintiff's counsel relies on an impassioned plea of "other factors" in her letter that Mr. Gray was "mistreated" by the law enforcement defendants and that somehow supports the unreasonable fees charged by their experts. Whether or not there was mistreatment by the Defendants is the ultimate issue for the trier of fact and should not be considered as an "other factor" for which a preliminary finding would have to be made to approve or disapprove an expert's fee.

In conclusion, the most important factor to be considered here is not whether the Plaintiff can employ whatever experts he so desires. It is clear he can but at his own expense. The issue is whether or not the fees Plaintiff's non-medical and non-scientific experts propose to charge the Defendants are reasonable under the Federal Rules of Civil Procedure and the Local Rules of this Court. Relying on Local Rule 104.11, it is clear they are not.

Defendants' counsel respectfully asks this Honorable Court to reduce the Plaintiff's experts' fee for depositions to no more than $200 per hour with preparation

---

[2] Dr. Kirkham's Fed. R. Civ. P. 26(a)(2) report specifically states his findings were based on a review of documents "as well as my experience as a criminologist, police officer, and expert in the field of law enforcement policies and training."

time to be borne by the Plaintiff.

Sincerely,

Donald E. Hoffman
Assistant Attorney General

DEH:bjj

cc: Counsel of Record

3