IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY GRAY,                          *

       Plaintiff                    *

  vs.                                  *        Civil Action No.: CCB-02-CV-385

STATE OF MARYLAND, et al.,             *

       Defendants                   *

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

     State of Maryland, Brian Newcomer, and Richard Sheldon, Defendants, submit

this Memorandum of Law in Support of their Motion for Summary Judgment in this

action.

STATEMENT OF THE CASE

     On, or about, February 7, 2002, Anthony Gray, Plaintiff, filed the instant nine

count Complaint against the above-named Defendants as well as Calvert County,

Maryland and Lawrence Stinnett, former Sheriff of Calvert County, Maryland during the

time of the events giving rise to the suit.  The Complaint alleged nine federal and state

law claims seeking $80,000,000 compensatory damages and $160,000,000 punitive

damages, and attorneys  fees for Defendants  alleged civil rights violations, constitutional

claims, and pendent State common law violations arising from a police investigation into

the horrific rape and murder of Linda Mae Pellicano in her home on May 13, 1991, in

Calvert County, Maryland.

The Plaintiff s Complaint contains the following counts:

| | | |
|---|---|---|
| Count One | - | Malicious Prosecution |
| Count Two | - | False Arrest |
| Count Three | - | False Imprisonment |
| Count Four | - | Violation of Article 24, |
| | | Maryland Declaration of Rights |
| Count Five | - | Violation of Fourteenth Amendment, |
| | | United States Constitution |
| Count Six | - | Violation of Fifth Amendment, |
| | | United States Constitution |
| Count Seven | - | Civil Rights Act of 1871, 42 U.S.C. § 1983 |
| Count Eight | - | Civil Rights Act of 1866, 42 U.S.C. § 1981 |
| Count Nine | - | Attorneys  Fees, 42 U.S.C. § 1988 |

On, or about, April 15, 2002, State of Maryland, Brian Newcomer, and Richard

Sheldon, Defendants, filed their Motion to Dismiss or for Summary Judgment.  Because

this Honorable Court did not consider the Defendants  only attached exhibit the Motion

was treated as a Motion to Dismiss.  See, Gray v. State of Maryland, 228 F.Supp. 2nd

628, 635 ( D. Md. 2002).

The above-named Defendants  Motion to Dismiss was granted in part, denied with

prejudice in part, and denied without prejudice in part.  Specifically, as to State of

Maryland, Counts One - Five were dismissed, with Counts Six and Seven withdrawn by

the Plaintiff.  Thus, the remaining Count against the State of Maryland is Count Eight.  Id.

at 643.  As to Defendants Newcomer and Sheldon, Counts Two, Three and Five were

dismissed in both their official and personal capacities and Count Seven claims based on

2

a false arrest theory.  Count Seven, based on a malicious prosecution theory, remains.

Plaintiff has withdrawn Counts Five and Six against Newcomer and Sheldon and thus

they are dismissed.  Id.

State of Maryland, Brian Newcomer, and Richard Sheldon, Defendants, now file

their Motion for Summary Judgment and Memorandum of Law asserting that Plaintiff's

Complaint fails to state any claim for which relief can be granted and the Defendants are

entitled to judgment as a matter of law.

## STATEMENT OF FACTS

The Plaintiff alleges in his Complaint that on June 20, 1991, he was arrested,

charged and held without bail in the brutal rape and murder of Linda Mae Pellicano that

occurred on May 13, 1991.  Complaint at pars. 10 and 13.  He was arrested by Trooper

Brian Newcomer.  See p. 105 of Anthony Gray's Deposition (attached hereto as Exhibit

"A") and p. 18 of Brian Newcomer's deposition (attached hereto as Exhibit "B").

Plaintiff did not know Brian Newcomer prior to his arrest on June 20, 1991.  (Gray

deposition, Exhibit "A" at pp. 33-34).

Plaintiff claims he was interrogated off and on June 20 into June 21, 1991 by

Defendants Stinnett and Newcomer.  (Gray deposition, Exhibit "A" at 60-61)[1].  Although

Plaintiff said repeatedly he did not remember being advised of his rights on June 20 or 21,

1991, he later recalled in the deposition he was not advised of his rights.  (Gray

---

[1] Plaintiff's deposition inaccurately identifies Defendant Newcomer as a deputy
sheriff.  He was at all relevant times a Maryland State Trooper.

deposition, Exhibit A at pp. 69, 71, and 107). Defendant Newcomer recalls reading the Plaintiff his rights from a laminated Miranda Warning card. (Newcomer Deposition Exhibit B, at pp. 80-82).

On June 21, 1991, at approximately 4:04 a.m., Plaintiff gave a tape recorded statement that was transcribed, and in his deposition identified by him as accurate as to what he actually said during the interrogation. (Gray Deposition, Exhibit A, pp. 66-69, Transcription identified on p. 127 as first statement and attached with Exhibit A as A-1"). It was in this statement that Plaintiff admitted his involvement in the rape and murder by serving as a lookout for his confederates, Leonard Long and Paul Holland. (Complaint at par. 18).

Plaintiff was incarcerated in the local detention center and had no contact with the Defendant police officers until August 6, 1991. (Gray Deposition, Exhibit A, at. pp. 73-75). The Plaintiff s incarceration from June 21, 1991 - August 6, 1991, was as a result of the charging document obtained by Defendant Newcomer charging Mr. Gray with murder and rape. (Newcomer Deposition, Exhibit B at pp. 32-35, and Application for Statement of Charges with Exhibit B as B-1").

On August 6, 1991, Plaintiff was interrogated by Defendant Sheldon in the presence of Defendant Newcomer. (Newcomer Deposition, Exhibit B at p. 110). He gave a statement that differed from his earlier statement in that he now admitted to being inside the murder victim s house at the time she was allegedly murdered by his accomplice, Paul Holland. (Complaint at par. 23). The Plaintiff, in his deposition of

4

March 24, 2003, was shown the transcribed statement of his August 6, 1991 interrogation which he identified as having been what he told the investigators.  (Gray Deposition, Exhibit  A  at pp. 76-78, statement of August 6, 1991 attached as Exhibit  A-2").

Plaintiff, after giving his inculpatory statement of August 6, 1991, retained counsel and on October 7, 1991, pleaded guilty to first degree murder and first degree rape of Linda Mae Pellicano.  (Complaint at pars. 34-37).  Plaintiff s plea was in return for agreeing to testify against his two co-defendants, Leonard Long and Paul Holland.  Id.

Plaintiff s subsequent petitions for post-conviction relief were unsuccessful until February 8, 1999, when he was granted a new trial with the State declining to retry him. Plaintiff alleges another suspect in the murder and rape of Linda Mae Pellicano, a white male, was identified through a DNA match and convicted for the crime.  (Complaint at pars. 40-44).[2]

STANDARD OF REVIEW

Fed. R. Civ. P. 56(b) allows for a defending party to file a motion for summary judgment, with or without affidavits, at any time.  State of Maryland, Brian Newcomer, and Richard Sheldon, hereby represent to this Honorable Court that upon consideration of the pleadings and discovery materials, including depositions and answers to

---

[2] Anthony Fleming, the person whose DNA was found to match that collected in the original investigation, is an African-American male and not a  white male  as pleaded by Plaintiff in par. 41 of the Complaint.  (See Stinnett Deposition, pp. 71-72 attached hereto as Exhibit  C .)

interrogatories, there is no genuine issue as to any material fact and that the moving parties are entitled to judgment as a matter of law.

Summary judgment is proper, after adequate time for discovery, against a party who fails to make a showing sufficient to establish existence of an element essential to that party s case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). See also, Drewitt v. Pratt, 999 F.2d 774, 778 (4th Cir. 1993). Where there is such a failure by the Plaintiff, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element...renders all other facts immaterial. Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 2552.

The instant case, as with virtually any contested case, has some alleged factual disputes. However, because those factual disputes are not of material facts , mere existence of such disputes will not defeat an otherwise properly supported motion. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986), Drewitt, 999 F.2d at 778.

A material fact is dependent upon the substantive law and one that might affect the outcome of the suit. Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. Such, of course, does not include factual disputes that are irrelevant or unnecessary. Id.

The Defendants herein recognize that in determining whether or not a party is entitled to summary judgment, the record before the reviewing court is viewed in a light most favorable to the non-moving party. Hooven-Lewis v. Caldera, 249 F. 3d 259, 265

6

(4th Cir. 2001).  As well, all  justifiable inferences  are to be drawn in favor of the non-

moving party.  Anderson, 477 U.S. at 255, 106 S. Ct. at 2513.  The Plaintiff, however,

 cannot create a genuine issue of material fact through mere speculation or the building of

one inference upon another.    Runnebaum v. NationsBank of Maryland, N.A., 123 F.3d

156, 164 (4th Cir. 1997) quoting Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

It is well recognized that only  reasonable  inferences from the evidence need be

considered by the court.  Sylvia Development Corp. v. Calvert County, MD., 48 F.3d 810,

818 (4th Cir. 1995).  Additionally, reviewing courts have an  affirmative obligation  to

prevent factually unsupported claims and defenses from proceeding to trial.  Felty v.

Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).

## ARGUMENT

I.       PLAINTIFF S CLAIM AGAINST DEFENDANTS STATE OF
MARYLAND, NEWCOMER AND SHELDON IN THEIR OFFICIAL
CAPACITIES, ARE BARRED BY THE ELEVENTH AMENDMENT

A.      State of Maryland

In Count Eight, of the Complaint, the Plaintiff has pleaded a claim of violation of

42 U.S.C. § 1981 against the Defendants.  He sues the State of Maryland as a person

alleging its authorization of the alleged racial discrimination of its agents, Newcomer and

Sheldon.  Complaint at par. 95.

Defendant State of Maryland is entitled to Eleventh Amendment immunity for

Count Eight of the Complaint.  Such immunity holds that non-consenting states may not

be sued in federal courts by private individuals, including their own citizens.  <u>Board of Trustees of University of Alabama v. Garrett</u>, 531 U.S. 356, 121 S.Ct. 955 (2001).

The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court.   <u>Id</u>. at 363, 121 S. Ct. at 962. See also, <u>Kimel v. Florida Board of Regents</u>, 528 U.S. 62, 73, 120 S.Ct. 631, 640 (2000).

A State s constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued.  <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 99, 104 S.Ct. 900, 907 (1984).  For this reason, the Supreme Court

> Consistently has held that a State s waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.  See, e.g., <u>Florida Department of Health v. Florida Nursing Home Assn.</u>, 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981) (per curiam).   [I]t is not consonant with our dual system for the federal courts...to read the consent to embrace federal as well as state courts...[A] clear declaration of the state s intention to submit its fiscal problems to other courts than those of its own creation must be found.   <u>Great Northern Life Insurance Co. v. Read</u>, 322 U.S. 47, 54, 64 S.Ct. 873, 877, 88 L.Ed. 1121 (1944).

<u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 99, fn. 9, 104 S.Ct. 900, 907 (1984).  Consequently, Eleventh Amendment immunity is a limitation on the Federal Court s jurisdiction.

There are only three exceptions to a State s sovereign immunity under the Eleventh Amendment.   A State may waive its immunity and consent to suit in federal court.  <u>Green v. Mansour</u>, 474 U.S. 64, 68, 106 S.Ct. 423, 425-426 (1985).  Second, the

8

Eleventh Amendment does not bar a suit against a state official seeking prospective relief to end a continuing violation of federal law.  <u>Ex Parte Young</u>, 209 U.S. 123, 167, 28 S.Ct. 441, 452 (1908).  Third, Congress may validly abrogate the State s Eleventh Amendment immunity.  <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 55, 116 S.Ct. 1114, 1123 (1996).

Here, the State of Maryland has not waived its Eleventh Amendment immunity.  The State of Maryland expressly has waived its sovereign immunity only in State courts in accordance with Maryland Code Annotated, State Government Article, §§ 12-104(a)(1)(1999 Repl. Vol.):   [T]he immunity of the State and of its units is waived as to a tort action, **in a court of the State**, to the extent provided under paragraph (2) of this subsection.   (Emphasis added).  Further, the State Government Article does not operate to   waive any right or defense of the State or its units, officials, or employees in an action in a court of the United States or any other state, including any defense that is available under the 11th Amendment to the United States Constitution.    Md. State Gov t Code Ann. § 12-103(2).

Simply stated, Count Eight, the remaining count of the Complaint against Defendant State of Maryland is barred by the Eleventh Amendment and the fact the State of Maryland is not a person.  See, <u>Middlebrooks v. University of Maryland</u>, 980 F Supp. 824, 828 (D. Md. 1997) and <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58,

109 S. Ct. 2304 (1989).  Thus, judgment ought to be granted for the Defendant State of

Maryland as to Count Eight of the Complaint.

> B.    All Claims Against Defendants Newcomer And Sheldon
>        Are Barred By The Eleventh Amendment

Having established the applicability of the Eleventh Amendment to Defendant

State of Maryland, it is clear the same protections apply to the claims against Defendants

Newcomer and Sheldon in their official capacity.  Plaintiff has taken care to plead that

Defendants Newcomer and Sheldon were employees of the State of Maryland and   At all

time mentioned herein...acting under the color of the statutes and ordinances of the State

of Maryland.   Complaint at pars. 5 and 6.  Thus, it is clearly established for purposes of

the instant suit Newcomer and Sheldon were state officials.

As state officials, Defendants Newcomer and Sheldon are entitled to the same

protections from suit in this jurisdiction, in their official capacity, for remaining claims

against them.  See, Gray v. Laws, 51 F.3d 426 (4th Cir. 1995).   Like the state itself, state

officers acting in their official capacity are also entitled to Eleventh Amendment

protection, because  a suit against a state official in his or her official capacity is not a suit

against the official but rather is a suit against the official s office , and  [a]s such, it is no

different from a suit against the State itself.   Id. at 430, quoting Will v. Michigan

Department of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).

Therefore, judgment for Defendants Newcomer and Sheldon ought to be granted as to the remaining claims in their official capacity.

II.     42 U.S.C. § 1981 CANNOT BE USED TO STATE A CLAIM  FOR ALLEGED GOVERNMENTAL MISCONDUCT BASED ON RACE

Plaintiff has alleged in Count Eight, of the Complaint, that the Defendants discriminated against him based on his race.  Complaint at par. 95.

This Honorable Court, did not dismiss Count Eight earlier believing that  if it is possible to state a claim for race based government misconduct under § 1981, Gray has only barely plead one.   Gray, at 640.  Additionally, this Court stated that the state of law was unclear as to whether  discriminatory government action unrelated to contract rights states a claim under § 1981....  Id. at 640.

Defendants State of Maryland, Newcomer and Sheldon assert that 42 U.S.C. § 1981 cannot be used to state a claim as Plaintiff herein tries to do.  In Callwood v. Dave & Buster s, Inc., 98 F.Supp. 2d 694 (D. Md. 2000), the plaintiffs alleged discourteous and hostile treatment by the staff and management of a restaurant they were patronizing. They filed suit under 42 U.S.C. § 1981 and 42 U.S.C. § 20009-3, Title II of the Civil Rights Act of 1964.

In granting the motion for summary judgement to the claims under 42 U.S.C. § 1981, the Honorable Andre M. Davis recited a lengthy discussion of the legislative history of the statute.  He recognized that § 1981, as amended in 1991,  provides protection against discriminatory conduct occurring during and after the formation of a

11

contract.    Id at 703.  Additionally, in Bobbitt by Bobbitt v. Rage, Inc., 19 F.Supp. 2d 512

(W.D. N.C. 1998) the United States District Court for the Western District of North

Carolina recognized that the purpose of 42 U.S.C. § 1981 was   to remove the impediment

of discrimination from a minority citizen s ability to participate fully and equally in the

marketplace.    Id. at 516, quoting Patterson v. McLean Credit Union, 491 U.S. 164, 188-

89, 109 S.Ct. 2363, 2379 (1989).

        In Spriggs v. Diamond Auto Glass, 165 F.3d 1015 (4th Cir. 1999), the Fourth

Circuit Court of Appeals recognized that 42 U.S.C. § 1981 claims typically involve

employment discrimination and are   founded on purposeful, racially discriminatory

actions that affect at least one of the contractual aspects listed in § 1981(b).    Id. at 1018.

        The Fourth Circuit has recognized the applicability of 42 U.S.C. § 1981 in cases

involving the contracting for goods or services.  See, Duane v. GEICO, 37 F.3d 1036 (4th

Cir. 1994) and Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253 (4th Cir. 2001) holding

the section   outlaws race discrimination in the making and enforcing of private

contracts.    Id. at 257.  Undersigned counsel could find no approval from the Fourth

Circuit of use of 42 U.S.C. § 1981 to alleged governmental abuse of power.

        Additionally, to the extent this Honorable Court believes suit can be maintained

under § 42 U.S.C. § 1981 for some alleged misuse of government power, it cannot be

maintained against Defendants Newcomer and Sheldon.  In Jett v. Dallas Independent

School District, 491 U.S. 701, 109 S.Ct. 2702 (1989), the Supreme Court held when suit

is brought against a state actor, 42 U.S.C. § 1983 is the   exclusive federal damages

remedy for violation of the rights guaranteed by § 1981....    Id. 491 U.S. at 735, 109 S.Ct. at 2723.  See also, Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).[3]  See also, Butts v. County of Volusia, 222 F.3d 891, 894 (11th Cir. 2002).

Plaintiff s claim against Defendants Newcomer and Sheldon cannot stand because of its bar by the Eleventh Amendment and its failure to state a claim against the state actors upon which relief can be granted.

III.    COUNT EIGHT OF THE COMPLAINT FOR VIOLATION OF
42 U.S.C. § 1981 IS TIME BARRED

Thus far, this Honorable Court has allowed Count Eight of the Complaint against the Defendants herein to remain.  It is clear that any allegation of violation of 42 U.S.C. § 1981 by Defendants State of Maryland, Newcomer and Sheldon is time barred and should be dismissed.

Plaintiff has pleaded in his Complaint that the actions of the Defendants State of Maryland, Newcomer and Sheldon  were motivated due to racial discrimination, prejudice and animus toward Gray....    Complaint at par. 95.  Those actions were earlier described in the Complaint as the arrest, detention, and interrogations of Gray.  Complaint at pars. 13, 16, 19 and 23, all of which occurred in 1991 prior to Plaintiff Gray pleading guilty to the rape and murder of Linda Mae Pellicano on October 7, 1991.  Complaint at par. 35.  Suit herein was filed on or about February 7, 2002, almost 11 years after his arrest, investigation, detention, and interrogations.

_____

[3] Dennis was a racial discrimination in employment case.

In looking to Maryland law for an applicable statute of limitations, this Honorable Court has recognized that the general 3 year limitations found in Md. Cts. & Jud. Proc. Code Ann.§ 5-101 (2002 Repl. Vol.) is applicable.  Gray, at 641-42.  Determining the time of the accrual of the cause of action is a matter of federal law.  Brooks v. City of Winston-Salem, N.C.  85 F.3d. 178, 181 (4th Circ. 1996).  Nasim v. Warden of Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273 (1996).

Federal law holds that  a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.   Brooks at 181, quoting Nasim, 64 F.3d at 955.  To determine when sufficient facts were possessed to know of an alleged injury, it is necessary to look at the common-law cause of action most closely analogous to the constitutional right at stake as an  appropriate starting point.   Brooks at 181 quoting Heck v. Humphrey, 512 U.S. 477, 483-84, 114 S.Ct. 2364, 2370-71 (1994).

Here, Plaintiff generally pleads that his seizure detention, arrest, and interrogations were based on the racial discrimination and animus of Defendants Newcomer and Sheldon to Gray.  Thus, false arrest seems to be the appropriate most closely analogous tort.  And, as this Honorable Court has previously ruled, the statute of limitations for false arrest ran long before Plaintiff filed the instant lawsuit.  Thus, Count Eight, against Defendants State of Maryland, Newcomer, and Sheldon is time barred and judgment is appropriate.

14

IV.    PLAINTIFF S FAILURE TO ESTABLISH ALL ELEMENTS OF HIS
CLAIM FOR MALICIOUS PROSECUTION REQUIRES JUDGMENT
FOR DEFENDANTS SHELDON AND NEWCOMER

In a claim for malicious prosecution, the plaintiff must establish  1) a criminal

proceeding instituted or continued by Defendant against the plaintiff,  2) without probable

cause,  3) with malice, or with a motive other than to bring the offender to justice, and

4) termination of the proceedings in favor of the plaintiff.   Heron v. Strader, 361 Md.

258, 264, 761 A.2d 56 (2000).  See also, Okwa v. Harper, 360 Md. 161, 183, 757 A.2d

118 (2000).  Because the Plaintiff here cannot establish all four elements of his claim

essential to his case at trial, Count One for malicious prosecution and Count Seven for

violation of 42 U.S.C. § 1983 (malicious prosecution) must fail.  Celotex Corp., 477 U.S.

at 322, 106 S.Ct. at 2552.

It has long been recognized in Maryland that suits for malicious prosecution are

disfavored in the law and are to be carefully guarded against.  See, 1000 Fleet Ltd. P ship

v. Guerriero, 346 Md. 29, 37, 694 A.2d 952 (1997); North Point Constr. v. Sagner, 185

Md. 200, 206, 44 A.2d 441 (1945).  Public policy supports affording protection to persons

who in good faith and on reasonable grounds cause the prosecution of another.  See,

Durante v. Braun, 263 Md. 685, 688-89, 284 A.2d 241 (1971).  While this is the stated

rule for citizens it should not be any different for police officers.

A.    Defendant Richard Sheldon

Plaintiff has pleaded that his June 20, 1991  arrest and detention was ordered,

directed, authorized, approved, and/or ratified by each of the Defendants.   Complaint at

15

par. 13.  The Complaint carefully pleads that the Plaintiff s interrogation immediately

following his arrest, that led to his confession on June 21, 1991 was conducted by

Defendants Newcomer and Stinnett.  Complaint at par. 18.  Defendant Sheldon was not

identified as having participated.

This is so because Defendant Sheldon did not arrest Plaintiff, did not charge him

with a crime, or otherwise detain him.  His only role in the entire matter was to

interrogate Plaintiff on August 6, 1991.  See, Defendant Sheldon s Answers to

Interrogatory Nos. 8 and 15, attached hereto as Exhibit  D .  Therefore, as to Defendant

Sheldon, Plaintiff cannot establish even the first required element of a malicious

prosecution claim, i.e., that he 1) initiated or continued a criminal proceeding against the

plaintiff.  Heron at 264.  Therefore, his entire claim against Sheldon for malicious

prosecution in Count One must fail.  Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 2552.

B.    Defendant Brian Newcomer

Defendant Newcomer admits that he arrested and charged Plaintiff with the first

degree murder and rape of Linda Mae Pellicano.  (Gray Deposition Exhibit  A  at 105)

and (Newcomer Deposition Exhibit  B  at 18, 31-33).  However, the arrest and criminal

charges for Plaintiff were supported by probable cause, with the charges for murder and

rape filed after Newcomer consulted with and relied on the advice of then State s

Attorney for Calvert County, Warren Sengstack, Esquire.

In Defendant Newcomer s deposition, of April 3, 2003, relevant portions attached

hereto as Exhibit  B , he identified under oath the Application for Statement of Charges

16

against Anthony Gray. (Newcomer Deposition Exhibit "B" at 32-33). That Application

for Statement of Charges provides a detailed listing of the facts giving rise to probable

cause. See, Application for Statement of Charges/Statement of Probable Cause, attached

hereto as Exhibit "B-1".

The correct inquiry for this Honorable Court to make is upon reviewing the

Application for Statement of Charges, looking at the stated facts in a light most favorable

to Plaintiff, is whether or not a trier of fact could reasonably infer Plaintiff Gray

committed the crimes for which he was charged. Okwa at 191.

In Green v. Brooks, 125 Md. App. 349, 725 A.2d 596 (1999), the Maryland Court

of Special Appeals affirmed the grant of summary judgment to two police officers in a

false imprisonment and malicious prosecution case. In so doing, the Court held that:

> Probable cause means facts and circumstances sufficient to warrant a prudent
> [person] in believing that the [defendant] had committed or was committing
> an offense. A finding of probable cause should be based on the factual and
> practical considerations of everyday life on which reasonable people act and
> is assessed by considering the totality of the circumstances. As the Court
> explained in Exxon Corp. v. Kelly: Probable cause is a reasonable ground of
> suspicion supported by circumstances sufficiently strong in themselves to
> warrant a cautious [person] in believing that the accused is guilty. ...
> It is equally clear that if the facts, and the inferences to be drawn therefrom,
> relied on to constitute probable cause are clear and undisputed, the question
> is one of law for the court; where the facts are contested, however, whether
> they are proved is a question for the jury.

125 Md. App. 349, 367-68 (1999) (internal citations omitted).

Whether or not probable cause existed for the arrest and charges in the matter of

State v. Anthony Gray, depends on the facts and circumstances as they reasonably

17

appeared to Defendant Newcomer at the time of the arrest and charging.  See, <u>Brewer v.</u>

<u>Mele</u>, 267 Md. 437, 451, 298 A.2d 156 (1972) superseded by statute on other grounds as

stated in <u>Shoemaker v. Smith,</u> 353 Md. 143, 725 A.2d 549 (1999).

Hence, as to Defendant Newcomer, Plaintiff has failed to establish the second, and

yet another, essential element of a claim for malicious prosecution, that the criminal

proceeding against Plaintiff be initiated  2) without probable cause....   <u>Heron</u> at 264.

Thus, the claim should be dismissed.

However, significant other legal reasons for dismissal of the malicious prosecution

claim against Defendant Newcomer exist.  Specifically, as stated on p. 16, herein,

Defendant Newcomer consulted with the State s Attorney for Calvert County and after

giving a full disclosure of the facts then known to him, relied upon the State s Attorney s

advice to initiate criminal charges for murder and rape against Anthony Gray.  <u>See,</u>

Affidavit of Brian Newcomer attached hereto as Exhibit  E.

The Maryland Court of Appeals, in <u>Gladding Chevrolet v. Fowler</u> 264 Md. 499,

287A.2d 280 (1972) has elected to follow, without directly quoting, the provisions of

Restatement (Second) of Torts, § 666.

§ 666.  Effect of Advice of Counsel

(1)	The advice of an attorney at law admitted to practice and
	practicing in the state in which the proceedings are brought,
	whom the client has no reason to believe to have a personal
	interest in obtaining a conviction, is conclusive of the

existence of probable cause for initiating criminal proceedings
in reliance upon the advice if it is

(a)    sought in good faith, and

(b)    given after a full disclosure of the facts within
the accuser s knowledge and information.

(2)    The advice of an attorney admitted to practice in a state
other than that in which the proceedings are brought, given
under the conditions stated in Subsection (1), is conclusive
of the existence of probable cause if the client reasonably
believes that the attorney is competent to form a reliable
opinion as to the law of the state in which the proceedings
are brought.

See, Gladding Chevrolet at 509.  See, also, First National Bank of St. Mary s v. Fidelity
and Deposit Co., 283 Md. 228, 231.n.2, 389 A.2d 359 (1978); and Jacobs v. State of
Maryland Department of Natural Resources, 203 F.Supp. 2d 485, 491 (D.Md. 2002).

It is clear that Defendant Newcomer s reliance on the advice he sought and

obtained from the State s Attorney for Calvert County to charge Anthony Gray is a full

and valid defense to Plaintiff s claim for malicious prosecution.  See, also Brewer v.

Mele, 267 Md. at 453-54.

It should be noted that a close review of the Application for Statement of Charge,

Exhibit  B-1", shows that a District Court Commissioner, the equivalent of a neutral and

detached officer, reviewed the document and determined that  THERE IS PROBABLE

CAUSE TO DETAIN THE DEFENDANT.   See, signature of Richard A. Parker,

Commissioner I.D. No. 4007 in the lower right corner of p. 1 of Exhibit  B-1.   Such a

finding of probable cause by Commissioner Parker renders a pre-trial seizure

reasonable.  <u>Villeda v. Prince George s County, MD</u>, 219 F.Supp. 2d 696, 701 (D. Md. 2002) citing <u>Brooks v. City of Winston-Salem,</u> 85 F.3d 178, 184 (4th Cir. 1996).

Here it is important to point out that should Plaintiff in any opposition to Defendants  motion, assert that the Defendants had some affirmative obligation to seek out Anthony Gray s alibi or explanations, he is mistaken.

> Once the investigating policeman has crossed the threshold
> of probable cause, we will not place upon him the additional
> burden of seeking out and negating possible explanations of
> possession, lest he press charges at his own peril.

<u>Brewer v. Mele</u>, 267 Md. at 450.  <u>See</u>, also <u>Villeda at 701.</u>

The State of Maryland also follows the rule that once there is a judgment convicting the accused of the crime, even though the judgment may be reversed on appeal, it is   conclusive determination of the existence of probable cause.   <u>See</u>, <u>Quecedo v. DeVries</u>, 22 Md. App. 58, 70, 321 A.2d 785 (1974).  <u>Villeda</u> at 701.  See also, <u>Zablonsky v. Perkins</u>, 230 Md. 365, 368-69, 187 A.2d.314 (1963).

Here, Plaintiff has pleaded that he entered a guilty plea on October 7, 1991, and subsequently was sentenced to life in prison with the possibility of parole.  Complaint at pars. 35 and 37.  See also, copy of docket in <u>State v. Anthony Gray</u>, Circuit Court for Calvert County, Case No.  C-91-409, entries dated 8/12/91 and 10/7/91, attached hereto as Exhibit  F .

Thus far, Defendant Newcomer has shown the existence of probable cause for the arrest and detention of Plaintiff, reliance of the advice of the State s Attorney for Calvert

County for the criminal charges against Plaintiff, the existence of probable cause as determined by a neutral and detached judicial officer, as well as the existence of probable cause as determined by Plaintiff s guilty pleas and conviction for the first degree murder and rape of Linda Mae Pellicano, the exact crimes for which he was arrested by Defendant Newcomer.  Any **one** of these facts conclusively establishes probable cause sufficient to negate Plaintiff s claim that the criminal charges against him were lacking probable cause.

Again, for Plaintiff s failure to establish an element of his claim for malicious prosecution against Defendant Newcomer and Sheldon, his claim must fail.  <u>Celotex Corp.,</u> 477 U.S. at 322, 106 S.Ct. at 2552.

      V.     PLAINTIFF S FAILURE TO ESTABLISH THE REQUISITE ELEMENTS OF HIS CLAIM FOR  VIOLATION OF 42 U.S.C. § 1983 (MALICIOUS PROSECUTION) AND MD. DECLARATION OF  RIGHTS, ARTICLE 24 REQUIRES JUDGMENT FOR DEFENDANTS NEWCOMER AND SHELDON

      A.     42 U.S.C. § 1983 (Malicious Prosecution)

Having established probable cause for the arrest and detention of Anthony Gray in the preceding argument Defendants Newcomer and Sheldon now state that Plaintiff has failed to state a claim upon which relief can be granted for Count Seven, of his Complaint, violation of 42 U.S.C. § 1983 (Malicious Prosecution).[4]  Plaintiff s failure to

---

[4] By its Memorandum and Order of September 18, 2002, this Honorable Court dismissed Plaintiff s 42 U.S.C. § 1983 (false arrest) claim but recognized a 42 U.S.C. § 1983 (malicious prosecution) claim.  <u>Gray</u> at 636.

establish the required elements of the common law claim of malicious prosecution should

likewise be dispositive of his claim for violation of 42 U.S.C. § 1983 (malicious

prosecution).

In addressing Count Seven of the Complaint, it is clear that 42 U.S.C. § 1983  is

not itself a source of substantive rights, but a method for vindicating federal rights

elsewhere conferred by parts of the United States Constitution and federal statutes it

describes.   Baker v. McCollan, 443 U.S. 137, 144-45, 99 S.Ct. 2689, 2694-95 n.3

(1979).  Because 42 U.S.C. § 1983 does not provide a means of redress for violations of

state law, White v. Chambliss, 112 F.3d.731, 738 (4th Cir. 1997) the Fourth Circuit has

held:

> there is no such thing as a  § 1983 malicious prosecution  claim.
> What we termed a  malicious prosecution  claim in Brooks is
> simply a claim founded on a Fourth Amendment seizure that
> incorporates elements of the analogous common law tort of
> malicious prosecution  specifically, the requirement that the
> prior proceeding terminate favorably to the plaintiff.  It is not
> an independent cause of action.

Lambert v. Williams, 223 F.3d 257, 262 (4th Cir. 2000) (internal citation and footnote

omitted), cert. denied, 531 U.S. 1130, 121 S.Ct. 889 (2001).

It is recognized that since the instant matter deals with an arrest, a Fourth

Amendment seizure, that such  seizures are  reasonable  only if based on probable

cause.   Dunaway v. New York, 442 U.S. 200, 213, 99 S.Ct. 2248, 2257 (1979).   A

Fourth Amendment claim founded on malicious prosecution, as this court has now

recognized Count Seven to be, must be analyzed to determine whether probable cause for

the arrest was lacking.  <u>Porterfield v. Lott</u>, 156 F.3d 563, 568-71 (4th Cir. 1998).

Having elsewhere herein supplied the definition of probable cause under State law, <u>Green v. Brooks</u>, 125 Md. App. at 367-68, it is important to note that hearsay information is sufficient to use for the police officer to cross the threshold of probable cause.  <u>Brewer v. Mele</u>, 267 Md. 448-452.  Federal jurisprudence has recognized that probable cause is determined from the totality of circumstances known to the officer at the time of the arrest.  <u>U.S. v. Garcia</u>, 848 F.2d 58, 59-60, (4th Cir. 1988).

For probable cause to exist, there need be only enough evidence to warrant the belief of a reasonable officer that an offense has been committed.  <u>Wong Sun v. U.S.</u>, 371 U.S. 471, 83 S.Ct. 407 (1963).  It requires more than mere suspicion but less evidence than necessary to convict the arrestee.  <u>Porterfield</u>, 156 F.3d at 569.   Once a pretrial seizure has been rendered reasonable by virtue of a probable cause determination by a neutral and detached magistrate, the continuing pretrial seizure of a criminal defendant  either by detention or by bond restrictions  is reasonable.   <u>Brooks v. City of Winston-Salem, North Carolina</u>, 85 F.3d at 184.  See, Exhibit  B-1", bearing the affirmative probable cause determination of District Court Commissioner Richard A. Parker.

Thus, Plaintiff s 42 U.S.C. § 1983 (malicious prosecution) claim must fail for the seizure of the Plaintiff was determined by a neutral judicial officer to be with probable cause.

23

Relying on Maryland law, as cited in the preceding argument, a conviction conclusively established the existence of probable cause regardless of whether the judgment is later reversed in a subsequent proceeding.  Zablonsky, 230 Md. at 367-68.  In the instant matter, Plaintiff s conviction was not even reversed, but, he was simply granted a new trial.  Complaint at par. 43.  See also, Quecedo, 22 Md. App. at 70.

Again, for Plaintiff s failure to establish proof of an essential fact of his case, all other facts are rendered immaterial, and there is no genuine dispute as to any material fact and the Defendants herein are entitled to judgment as a matter of law.  Celotex Corp., 106 S.Ct. 2552.

B.    Md. Declaration Of Rights, Article 24

In Count Four of the Complaint Plaintiff alleges a violation of Article 24 of the Maryland Declaration of Rights by citing   no man ought to be...of his liberties or privileges, .... destroyed, of deprived of his liberty...but by the judgment of his peers or by the Law of the Land.   Complaint at par. 69.  Additionally, the Plaintiff pleads in Count Four, that the   Defendants wrongfully arrested, detained, interrogated, prosecuted, and incarcerated Gray based on insufficient evidence....   Complaint at par. 71.  Such allegations are founded in search and seizure jurisprudence and not Md. Declaration of Rights Article 24.  Because the arrest, detentions, and interrogations occurred in 1991, any such claim is clearly barred by the general statute of limitations contained in Md. Cts. & Jud. Proc. § 5-101 ( 2002 Repl. Vol.) and is time barred.   See, Argument III contained herein.

24

Additionally,   the Due Process Clause in Article 24 is considered the equivalent of the due process guarantees in the Fifth and Fourteenth Amendments.   Davis v. DiPino, 121 Md. App. 28, 48, 708 A.2d 357 (1998) affirmed in part, vacated in part, 354 Md. 18, 729 A.2d 354 (1999).  See also Roberts v. Total Health Care, Inc. 109 Md. App. 635, 643, 675 A.2d 995 (1996) holding the Fourteenth Amendment and Article 24 as complementary provisions that protect the same rights.  Id.

The Plaintiff is alleging a lack of  insufficient evidence  or probable cause.  Such allegations are clearly those under the Fourth Amendment or Maryland s equivalent, Article 26.  A determination of whether or not a seizure was reasonable is done under the Fourth Amendment.  Graham v. Connor, 490 U.S. 386, 395-399, 109 S.Ct. 1865, 1871-73 (1989).  In Count Four of the Complaint, Plaintiff s allegation cannot be analyzed under the required Fourth Amendment jurisprudence because it is founded in Article 24 of the Maryland Declaration of Rights not Article 26.  Thus, Count Four fails to state a cause of action upon which relief can be granted.

To the extent this Honorable Court believes Plaintiff has somehow stated a claim under Article 24 regarding his subsequent incarceration for having pleaded guilty to murder and rape,   the Due Process of the Fourteenth Amendment does not provide protection in this area.   Brooks, 85 F.3d at 184, citing Taylor v. Walters, 81 F.3d 429, 435-36 (4th Cir. 1996)  And, the Fourth Amendment provides all of the pretrial process that is constitutionally due a criminal defendant in order to detain him prior to trial.   Id. at 435-36.  Thus, Plaintiff fails to state a claim under Article 24 of the Maryland

25

Declaration of Rights.  Therefore, judgment for the Defendants on Count Four of the

Complaint should be granted.

VI.    DEFENDANTS NEWCOMER AND SHELDON ARE ENTITLED
TO QUALIFIED IMMUNITY FOR COUNTS SEVEN AND EIGHT

Defendants Newcomer and Sheldon renew their argument for qualified immunity

as to Counts Seven and Eight.

The Defendants here, who are or were Maryland State Troopers, are entitled to

qualified immunity against suits for damages if a reasonable officer facing the same

situation would not have known that his actions violated plaintiff s clearly established

constitutional right.  Anderson v. Creighton, 483 U.S. 633, 640, 107 S.Ct. 3034, 3039

(1987).  Qualified immunity is  an immunity from suit rather than a mere defense to

liability and like an absolute immunity, it is effectively lost if a case is erroneously

permitted to go to trial.   Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815

(1985).  Significant deference ought to be given to the judgment of government officials,

such as police officers, acting in good faith while investigating serious crimes.

Porterfield, 156 F.3d at 567-68.

Qualified immunity  is intended to allow public officials to act, with independence

and without fear of consequence, where their actions do not implicate clearly established

rights.   Turner v. Dammon, 848 F.2d 440, 443 abrogated on other grounds by Johnson v.

Jones, 515 U.S. 304, 115 S.Ct. 2151 (1995) (4th Cir. 1988) quoting Pierson v. Ray, 386

U.S. 547, 554, 87 S.Ct. 1213, 1218 (1987)

The Fourth Circuit has created a three part test for these matters by stating:

> Ruling on a defense of qualified immunity....requires
> (1) identification of the specific right allegedly violated;
> (2) determining whether at the time of the alleged
> violation the right was clearly establsished; and
> (3) if so, then determining whether a reasonable person
> in the officer s position would have known that doing
> what he did would violate that right.

Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992).

Because Defendants Newcomer and Sheldon have asserted a qualified immunity defense, the threshold question to be considered by this Honorable Court, taken in a light most favorable to the party asserting the injury, is do the facts alleged show the officer s conduct violated a constitutional right? Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 1793 (1991). This, of course, must be done before turning to the second inquiry of whether a constitutional right was clearly established in light of the specific context of the case, not as a broad general proposition.... Saucier v. Katz, 553 U.S.194,121 S.Ct. 2151, 2156 (2001). Here, no constitutional right was violated by Defendants Newcomer and Sheldon.

In Count Seven, violation of 42 U.S.C. § 1983, this Honorable Court has determined that it applies only a malicious prosecution claim. As stated herein, Argument V, the Fourth Circuit has held there is no such thing as a § 1983 malicious prosecution claim. White v. Chambliss, 112 F.3d at 738. Such a claim is founded on a Fourth Amendment seizure. Id.

With the perceived ambiguity within the 4th Circuit as to whether or not there is such a claim as a 42 U.S.C. § 1983 (malicious prosecution) the Defendants should not be held to have known their alleged conduct violated any right clearly established or not, of Plaintiff.  Therefore, qualified immunity would be appropriate.

Additionally, because the Supreme Court has held that qualified immunity protects all but the plainly incompetent or those who knowingly violate the law , Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1096, 1092 (1986) police applying for warrants are immune if a reasonable officer could have believed that there was probable cause to support the warrant.  Id. 1097-98.  Therefore, Defendant Newcomer is entitled to qualified immunity.

The Defendants admit the June 20, 1991 arrest of Plaintiff was based on probable cause but without a warrant.  On June 21, 1991, Defendant Newcomer consulted the State s Attorney for Calvert County, who, after hearing the facts of the matter, approved Newcomer s application for a statement of charges.  Such actions of Defendant Newcomer can hardly be deemed those of an incompetent police officer.  Indeed, Newcomer not only relied on the advice of the State s Attorney to obtain the charging document, but the review of the District Court Commissioner who determined probable cause existed for the charges and pretrial detention.  Such actions certainly fall within the guidelines of qualified immunity and should likewise extend to Defendant Sheldon who did no more than interrogate Plaintiff almost 6 weeks after his incarceration on the

probable cause determination.  Therefore, both Defendants are entitled to qualified

immunity.

<u>CONCLUSION</u>

For all of those reasons as contained in this Memorandum of Law, Defendants

State of Maryland, Newcomer and Sheldon are entitled to judgment as a matter of law.

Respectfully submitted,

J. Joseph Curran, Jr.
Attorney General


<u>/s/ Donald E. Hoffman</u>
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
410-653-4227
Federal Bar No. 23529

Attorney for Defendants
Brian Newcomer, Richard Sheldon
and State of Maryland

<u>CERTIFICATE OF SERVICE</u>

I hereby certify on this _____ day of December, 2003, I caused to be served, by
and through E-filing with the United States District Court for the District of Maryland,
Defendants Newcomer, Sheldon, and State of Maryland s Motion for Summary Judgment
and Memorandum of Law in Support Thereof to Alan Hilliard Legum, Esquire, Joel L.
Katz, Esquire, and to Kevin Karpinski, Esquire.


<u>/s/ Donald E. Hoffman</u>
Assistant Attorney General
Maryland State Police