**SUPPLEMENT REPORT**

Maryland State Police

225

| 1. COMPLAINT CONTROL NO. |
| --- |
| CIR  M  8  3  0  3  3  8  2 |

VICTIM, COMPLAINANT, MISSING PERSON OR ARRESTEE (LAST, FIRST, MIDDLE)
PELLICANO, Linda Mae

INCIDENT, OFFENSE OR CHARGE ON ORIGINAL REPORT
HOMICIDE

CORRECT INCIDENT OR OFFENSE CLASS

CHANGED? ☐ YES    MULTIPLE CLEAR-UP ☐ YES  ☐ NO

**NARRATIVE**

EXHIBIT I

DATE OF CRIME: Monday, May 13, 1991.

LOCATION OF CRIME: 3610 Dalrymple Road, Chesapeake Beach, Calvert County, Maryland.

ACCUSED: #1 - GRAY, Anthony, B/M-DOB 06/13/67, 2790 Dalrymple Road, Sunderland, Maryland; BI# U-3826, telephone #257-7254.

#2 - LONG, Leonard Anthony, B/M-DOB 09/08/69, Box 39, Jones Road, Dunkirk, Maryland; BI# U-4519.

#3 - HOLLAND, Paul Marcello, B/M-DOB 09/23/59, 6681 Old Bayside Road, Chesapeake Beach, Maryland; BI# U-2294.

ACTION TAKEN: On Friday, June 21, 1991, at approximately 0300 hours, TFC B. C. Newcomer and I had an occasion to interview Accused #1, Gray, in the polygraph room located at the Barrack. Gray had been advised of, and he had waived, his Miranda Rights. I questioned Gray as I was familiar with him having lived in the Randle Cliff area for two years.

I explained to him the seriousness of the crime for which he was being questioned. I told him that both Paul Holland and Leonard Long had given statements to police incriminating him. After approximately 20 minutes of questioning, Gray related the following

5. Crime Prevention Action Initiated? ☐ Yes ☐ No
46. Previous Crime Prevention Survey ☐ Yes ☐ No
47. Date Supplemental Report Due

3. Initial Status: Open ☐ Suspended ☐ Unfounded ☐ Closed
49. Initial Investigator TFC G. P. Cameron
I.D. Number 0478
50. Date 6-22-91

1. Supervisor Status: ☒ Agree ☐ Disagree
52. Recommended To Continue: ☐ Patrol ☐ Suspend ☐ Investigation
53. Reviewing Supervisor
I.D. Number    54. Date

5. Investigation Supervisor Status: ☐ Patrol ☒ Investigative
56. Investigation Supervisor [signature] Scott W Hampshire
I.D. No. 1514
57. Date 6/25/91
58. Assigned Investigator
59. Date

☐ NCIC Entered ☐ NCIC Cleared
☐ Miles Entered ☐ Miles Cleared
61. Final Status (Check One) ☒ Open ☐ Suspended ☐ Closed
62. Classification (Office Use)
63. UCR Disp.
64. Page 1 Of 2

65. Related Report Numbers

☐ Crime Analysis:   ☐ Victim Witness

information about his involvement.

Gray first told us that on the date of the crime, he was coming down Dalrymple Road enroute to "NOONIE" Jones' residence located on Christiana Parran Road (first house on the right). He met up with Long and Holland at the intersection of Dalrymple Road and Christiana Parran Road. Those two subjects came from the Randle Cliff area walking. Gray told them he was going to NOONIE's to purchase some "Crack" cocaine. They then told Gray they were going to get some money. Gray could not recall who made that statement. When Gray first told this rendition, he said he knew they were going to break into a house, so he left walking down Christiana Parran Road. On his second version, Gray said he waited until he saw Holland and Long walk on the driveway located next to the victim's house before walking away. On the last statement, Gray said he stood by the intersection and watched as Holland Long walked down the adjacent driveway. They then went behind the victim's house. He did not see how or if they entered the home. He waited at the intersection for approximately 15 to 20 minutes. He then noticed the victim return home in her blue car. When he saw her return home, he left and walked to Noonie Jones' residence. Gray added that when he was standing at the intersection, James Holland drove by in his silver Honda and blew his horn at him. Gray said he knew the victim and her son. He went to school with Michael Pellicano. Gray told me he knew that the other two men were going to break into the house.

Gray gave TFC Newcomer and Sheriff Stinnett a taped statement detailing his involvement in this crime.

No further police action taken.

(4 hours)