RECEIVED
DEC 2 1991

```
         IN THE CIRCUIT COURT FOR CALVERT COUNTY, MARYLAND


STATE OF MARYLAND,    )
     Petitioner       )
                      )
     vs               )          Case No.  C-91-409
                      )
ANTHONY GRAY,         )
     Defendant        )
------------------------------------
```

TRANSCRIPT OF PROCEEDINGS
PLEA AGREEMENT

                    Circuit Court
                    Calvert County Courthouse
                    Prince Frederick, Maryland
                    October 7, 1991

BEFORE:

    THE HONORABLE THOMAS A. RYMER, Associate Judge.

APPEARANCES:

    WARREN F. SENGSTACK, STATE'S ATTORNEY FOR CALVERT COUNTY, was present and appearing for the State.

    MARIA CRISTINA GUTIERREZ, ESQ., was present and appearing for the Defendant.

REPORTED BY:

Barbara Jean Bates
Official Court Reporter

EXHIBIT N

1                           INDEX
2
3                           <u>Page</u>
4   Advice of Rights           3
5
6   Statement of Charges       8
7
8   Acceptance of Plea        15

```
1           THE CLERK:  C-91-409, State of Maryland versus
2  Anthony Gray.
3           MRS. GUTIERREZ:  Good afternoon, your Honor.  For
4  the record, Cristina Gutierrez on behalf of Mr. Gray.
5           THE COURT:  You have a Plea Agreement?
6           MRS. GUTIERREZ: Yes, sir, your Honor.  We do.  It
7  has been reduced to writing and signed by both Mr. Gray and
8  myself, in addition to Mr. Sengstack.
9       It does state the full and complete terms of the
10 agreement between Mr. Gray and the State.  We would ask the
11 Court to accept the Plea Agreement and bind itself to the
12 recommendations of the State's Attorney.
13          THE COURT:  All right.  Anthony Gray, stand up and
14 let me ask you some questions.
15               (The Defendant stands.)
16          THE COURT: I want to make certain you are entering a
17 plea in this case voluntarily and you understand the nature of
18 the charge and the consequences of your plea.
19      How old are you, Mr. Gray?
20          THE DEFENDANT:  Twenty-four.
21          THE COURT:  How far did you go in school?
22          THE DEFENDANT:  I graduated.
23          THE COURT:  From high school?
24          THE DEFENDANT:  Yes, sir.
25          THE COURT:  Can you read, write and understand the
```

1  spoken English Language?

2       THE DEFENDANT:  Yes, sir.

3       THE COURT:  Have you read a copy of the Criminal
4  Information, the Indictment which is the Charging Document in
5  this case?

6       THE DEFENDANT:  Yes, sir.

7       THE COURT:  As far as you know you're in good health
8  mentally and physically?

9       THE DEFENDANT:  Yes, sir.

10      THE COURT:  Are you presently under the influence of
11 any sort of medicine, alcohol or drugs of any kind?

12      THE DEFENDANT:  No.

13      THE COURT:  Now you are charged in Count Number 1 of
14 Criminal Case C-91-409 with First Degree Murder, and also in
15 Count Number 2 with First Degree Rape.  Your attorney has
16 indicated that you wish to enter a Plea of Guilty to both of
17 those charges, is that right?

18      THE DEFENDANT:  Yes.

19      THE COURT:  Now, do you know what it would require,
20 have you talked to your attorney about what is necessary in
21 order to prove you are guilty of these charges?

22      THE DEFENDANT:  Yes.

23      THE COURT:  All right.  You understand you have an
24 absolute right to enter a Plea of Not Guilty.  And the reason
25 you have this right is you can not be compelled to say

1  anything that would indicate you have committed a crime. This
2  is called your Constitutional Right against
3  Self-Incrimination. Do you understand you have that right?
4       THE DEFENDANT: Yes.
5       THE COURT: Do you also understand that you have the
6  right to have a Jury Trial or a Court Trial. Whichever one
7  you ask for you would get because the choice is the
8  Defendant's and not the State's Attorney. But you understand
9  you have that right?
10      THE DEFENDANT: Yes, sir.
11      THE COURT: You also understand that in the event
12 that you chose a Jury Trial, we would have twelve persons that
13 would be selected from a group of jurors that are serving the
14 Court as prospective jurors at the present time. They would
15 be put over there in the chairs with the red backs. They
16 would listen to everything the State's Attorney presents,
17 everything your attorney presents, all the evidence, arguments
18 of the attorneys, any instructions the Court might have. And
19 at the conclusion of the entire trial all twelve of those
20 jurors would have to decide that you are guilty beyond a
21 reasonable doubt; and it would have to be a unanimous decision
22 of all twelve jurors. Do you understand that?
23      THE DEFENDANT: Yes, sir.
24      THE COURT: You also understand that you have the
25 right to require those people that accuse you of committing

1   this offense to appear before you and testify under Oath in
2   your presence and confront you with the evidence that they
3   have. You have the right to have your attorney ask them any
4   questions that the Court considers proper. You have the right
5   to bring any witnesses that you want to bring in. And if they
6   were reluctant to come forward we would use the subpoena
7   powers of the Court to bring them here to testify for you. Do
8   you know all that?
9           THE DEFENDANT: Yes.
10          THE COURT: You also understand that you have the
11  right to testify yourself if you wish to testify, or you could
12  elect to remain silent and say nothing at all. And if you
13  decided you wanted to remain silent, neither the Court nor the
14  jury would be permitted to reason that, in other words, to
15  infer any guilt. And if your attorney or you asked me I would
16  instruct the jury that they should not infer any guilt from
17  the fact that you're not testifying. If it were a Court Case,
18  the Court would not infer any guilt. Do you understand that?
19          THE DEFENDANT: Yes, sir.
20          THE COURT: You have one other right that you are
21  giving up, a very important right. If you plead Guilty you
22  now no longer have the absolute right to appeal your final
23  sentence to the Court of Special Appeals. You may be able to
24  reach that Court on -- it would be called Certiorari to the
25  Court of Appeals. But you cannot and do not have an absolute

1 | right of appeal.  Do you understand that?

2 | THE DEFENDANT: Yes, sir.

3 | THE COURT:  Once you plead Guilty you don't have

4 | that right.  If you try your case you would have an absolute

5 | right to appeal it to the Court of Special Appeals.  If you

6 | plead Guilty you give up that right.  Do you understand that?

7 | THE DEFENDANT:  Yes, sir.

8 | THE COURT:  You also, by pleading Guilty, waive any

9 | defects that might be in any search and seizure or any other

10 | pleadings that the State may have or any Indictments or

11 | anything of that nature.  Do you understand that?

12 | THE DEFENDANT:  Yes.

13 | THE COURT:  Now, do you waive, that is to say you

14 | give up or relinquish all the rights I have asked you about,

15 | including your right to either a Court or Jury Trial today.

16 | And do you freely elect to have the Court accept the Plea of

17 | Guilty that you're offering here today.  Is that what you want

18 | me to do?  Do you understand that?

19 | THE DEFENDANT:  No.

20 | THE COURT:  Do you waive, that is to say you give up

21 | all those rights that I have just explained to you; and do you

22 | want me to accept your Plea of Guilty to those two counts?  Is

23 | that what you want the Court to do?

24 | THE DEFENDANT: Yes.

25 | THE COURT:  Very well.  I want you to have a seat

1  there next to your attorney. I want you to pay very close
2  attention to what the State's Attorney says because I will ask
3  you next when he finishes if you agree that what he says about
4  the facts is substantially correct as far as you know the
5  facts to be.
6          MR. SENGSTACK: Your Honor, on May 13 of this year
7  the residence of Linda May Pellicano, located in Chesapeake
8  Beach in Calvert County, was broken into. Mrs. Pellicano
9  apparently surprised the intruders. Her daughter returned
10 home at approximately 3:30 o'clock that afternoon and found
11 her mother bound and gagged and nude from the waist down.
12         The investigation of the matter was conducted by the
13 Maryland State Police on approximately June 20 of this year.
14 An individual by the name of Paul Holland was arrested. He
15 gave a statement implicating this defendant, Mr. Gray. Mr.
16 Gray was arrested on June 20. June 21st he was advised of his
17 Miranda Warnings. And a statement was taken by Trooper
18 Newcomer of the Maryland State Police and Sheriff Lawrence
19 Stinnett.
20         In that statement Mr. Gray indicated that he was the look
21 out. That the other two men involved, namely Paul Holland and
22 Mr. Leonard Long, went around the home. The Defendant, Mr.
23 Gray, saw the victim Linda May Pellicano return to her home.
24 At that point he left the area.
25         A second statement was given on August 6 of this year.

```
 1  This statement, as the prior statement, was taken at the
 2  Maryland State Police barracks.  Once again the Defendant was
 3  advised of his Miranda Warning.  The statement was taken by
 4  Detective Sheldon of the Maryland State Police, and also
 5  Corporal Charles Williams of the Maryland State Police as well
 6  as Trooper Brian Newcomer.
 7       In this second statement the Defendant, Mr. Gray,
 8  indicated that as opposed to being a look out and remaining
 9  outside, that he, as well as the other two men, Holland and
10  Long that were involved, went into the home.  They were there
11  for the purpose of burglarizing the home.  They entered the
12  home through a rear window.
13       Upon entering the home they saw Mrs. Pellicano, who was
14  returning to her residence.  They hid in various parts of the
15  house.  When Mrs. Pellicano entered the residence, Paul
16  Holland proceeded to grab her around the neck and attempt to
17  strangle her.  He apparently had difficulties doing this and
18  asked for assistance from Long.
19       Mr. Long went to the kitchen area and got a kitchen
20  knife, returned and gave it to Mr. Holland.  Mr. Holland
21  proceeded to inflict one single knife wound on Mrs.
22  Pellicano's person.
23       At some point during that period, it is believed that
24  this occurred after the wound was inflicted, the Defendant Mr.
25  Holland proceeded to have sexual relations with the victim.
```

1    I would read from the Autopsy Report with respect to the
2    opinion of the Medical Examiner. The opinion reads, this
3    thirty-eight year old white female, Linda May Pellicano, died
4    of a stab wound to the front of her chest, which involved the
5    heart and aorta, resulting in massive internal bleeding.
6    The Defendant understands in this case that although he
7    was not the person who inflicted the grievous wound nor the
8    person who perpetrated the crime of rape, that he was in fact
9    present. And under the Maryland Law he is Principal in the
10   Second Degree and just as responsible as the Principal in the
11   First Degree who inflicted the wound.
12   The Defendant understands and knows that is an integral
13   part of the Plea Agreement that he testify against Mr. Holland
14   and Mr. Long. We deem his testimony crucial.
15           THE COURT: All right. Stand up again, Mr. Gray.
16                  (The Defendant stands.)
17           THE COURT: You have heard what the State's Attorney
18   says about the facts. Do you agree that the facts as he
19   recited them are substantially correct as far as you know the
20   facts to be?
21           THE DEFENDANT: Yes, sir. They are correct.
22           THE COURT: Have you discussed the matter of the
23   plea that you're offering and all the charges presently
24   pending against you completely and fully with your attorney?
25           THE DEFENDANT: Yes.

```
 1              THE COURT: Are you satisfied with her assistance to
 2   you up to the present time?
 3              THE DEFENDANT: Yes, sir.
 4              THE COURT: Do you understand no one can compel you
 5   to plead Guilty to anything. This is something that you alone
 6   do. Do you understand that?
 7              THE DEFENDANT: Yes.
 8              THE COURT: Do you also understand that in the event
 9   that the Court accepts the plea that you're offering, nothing
10   else remains to be done in this case except to decide what the
11   sentence is going to be. And that under the Plea Agreement of
12   which the Court is going to accept, the agreement between your
13   attorney and the State, I could impose two Life Sentences
14   which would run concurrent. So, it would be a one Life
15   Sentence. In other words, I would have two Sentences of Life
16   and they would run concurrent. So, it would be one Life
17   Sentence. Do you understand that?
18              THE DEFENDANT: Yes, sir.
19              THE COURT: All right. Do you have any other
20   charges pending against you here or anywhere else in the State
21   of Maryland at the present time?
22              THE DEFENDANT: No.
23              THE COURT: Are you on parole or probation here or
24   anywhere else?
25              THE DEFENDANT: No.
```

```
 1            MRS. GUTIERREZ:  Your Honor, just to advise you, we
 2   were not aware ahead of time but apparently he had a charge
 3   for a minor theft that he was not the actor but with several
 4   other people who were accused the theft.  He went, and not
 5   really understanding the proceedings, believing I was on my
 6   way to the District Court of Annapolis on Monday of last week
 7   -- but we have filed an appeal of that sentence.  But
 8   technically the probation is still in esistence.  But that is
 9   an event that preceded these events.
10            THE COURT:  All right.  That was a probation period
11   he got?
12            MRS. GUTIERREZ:  There was a probation period.  It
13   was on a Statement of Facts where he didn't acknowledge we
14   have filed an appeal of that case.
15            THE COURT:  All right.  I have a two page Plea
16   Agreement which the second page, I see your attorney has
17   signed her name and you have signed your name, Anthony Gray.
18   Is that your handwriting, this Plea Agreement?
19            THE DEFENDANT:  Yes, sir, your Honor.
20            THE COURT:  That's your signature, Anthony Gray,
21   right?
22            THE DEFENDANT:  Right.
23            THE COURT:  Now, do you understand and agree with
24   the terms of that agreement?  Did you read it over?
25            THE DEFENDANT:  Yes, sir.
```

```
1          THE COURT:  Did you have your attorney read it over
2   for you and to you?
3          THE DEFENDANT:  Yes, sir.
4          THE COURT:  Let me go over it.  I'm going to go over
5   the terms and see if you have any disagreement with the way I
6   understand the Plea Agreement.
7          First of all, what you're saying is that the Defendant,
8   that you waive your right to trial by a Court or a jury; and
9   you're entering a Plea of Guilty to Count Number 1, which is
10  First Degree Murder, and in Count Number 2, which is First
11  Degree Rape.  And the State is saying upon acceptance of your
12  Plea of Guilty to those counts that they will abandon their
13  right to prosecute you of the remaining counts of C-90-409;
14  and they agree to recommend to the Court, and the Court has
15  agreed to be bound by sentences of Count 1 and 2 and it is to
16  run concurrently.
17         Now, the other thing that you agree to do is you are
18  agreeing to testify against the co-Defendants, Paul Holland
19  and Leonard Long.  And the State is saying that after the
20  Court accepts the plea in this case they will agree to
21  withdraw the Notice of Intention to Seek a Sentence of
22  Imprisonment for Life without the Possibility of Parole.  Do
23  you understand all of that now?
24         THE DEFENDANT:  Yes.
25         THE COURT:  Now, that's my understanding of the
```

```
 1  agreement.  Is that the way you understand it?
 2          THE DEFENDANT:  Yes, sir.
 3          THE COURT:  Now, other than what is in this Plea
 4  Agreement, has anyone threatened you in any way, promised you
 5  anything, offered you any sort of reward to get you to plead
 6  Guilty?
 7          THE DEFENDANT:  No.
 8          THE COURT:  Other than what is in this Plea
 9  Agreement, has anyone made you a promise of a lesser sentence,
10  probation, immunity or anything else in order to persuade you
11  to plead Guilty to this charge?
12          THE DEFENDANT:  No, sir.
13          THE COURT:  So, as I understand it, what you're
14  telling me is that you're willing to plead Guilty to Count
15  Number 1 and 2 because, first of all, you did in fact what you
16  are accused of doing, and therefore you're Guilty of First
17  Degree Murder and First Degree Rape.  And secondly, after
18  discussing it with your attorney and having the advantage of
19  her expertise as a Defense Attorney, you're satisfied as a
20  legal proposition that the State could prove that you're
21  Guilty beyond a reasonable doubt in both Count Number 1 and
22  Count Number 2.  Is that right?
23          THE DEFENDANT: Yes, sir.
24          THE COURT:  That would be either before a Court or a
25  jury, right?
```

```
 1             THE DEFENDANT: (Defendant nods his head in the
 2   affirmative.)
 3             THE COURT: Is that yes?
 4             THE DEFENDANT: Yes.
 5             THE COURT: Have a seat. Madam Clerk, the Court is
 6   satisfied that the pleas in this case are knowingly,
 7   understandingly, intelligently and voluntarily offered.
 8   Accordingly, we will enter a Plea to Count Number 1 of
 9   Criminal Case C-91-409 and Count Number 2 of that same case.
10   And we will file a Written Plea Agreement in the jacket. I
11   assume you want a Pre-sentence Investigation?
12             MRS. GUTIERREZ: Yes, your Honor. We do.
13             THE COURT: Very well. We will revoke bond pending
14   sentencing in this matter.
15             MR. SENGSTACK: Your Honor, at this time the State,
16   pursuant to the Plea Agreement, would withdraw the State's
17   Notice of Intention to seek Life without Possibility of
18   Parole.
19             THE COURT: Very well. Let the record show that,
20   Madam Clerk.
21             MRS. GUTIERREZ: Thank you, your Honor.
22             MR. SENGSTACK: Thank you, your Honor.
23         (Whereupon the hearing is concluded.)
24   - - - - - - - - - - - - - - - - - - - - - - - - - -
25
```