## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Civil Action No.: CCB-02-CV-385

ANTHONY GRAY,

       Plaintiff,

vs.

STATE OF MARYLAND, et al.,

       Defendants.

_____/

**ORIGINAL**

### DEPOSITION OF DR. GEORGE KIRKHAM, A WITNESS,
### TAKEN BY THE DEFENDANTS.

DATE: August 7, 2003

TIME: 11:30 a.m. - 2:16 p.m.

## *Everman & Everman*

1101 North Olive Avenue
West Palm Beach, FL 33401
(561)659-7444


EXHIBIT

1

WITNESS:

2

                                                            page

3

Dr. George Kirkham

4      Direct Examination by MR. KARPINSKI         4:7
       Cross-Examination by MR. HOFFMAN           81:10
5      Cross-Examination by MR. KATZ             101:23

6                          EXHIBITS

7   No. 1 - Professional Vita
         Received                                 4:16
8
    No. 2 - Rule 26 case list
9        For Identification                      18:23

10  No. 3 - report dated April 28th, 2003
         For Identification                      58:11

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1          The deposition of DR. GEORGE KIRKHAM, a witness in

 2   the above-entitled and numbered cause, was taken before

 3   me, D. Linda Minor, Notary Public for the State of

 4   Florida at Large, at 5596 Western Way, in the City of

 5   Lake Wroth, County of Palm Beach, State of Florida, on

 6   Thursday, the 7th of August, 2003, to wit:

 7       APPEARING ON BEHALF OF THE PLAINTIFF:

 8           Joel L. Katz, Esq.
             LAW OFFICES OF JOEL L. KATZ, L.L.C.
 9           The Katz Building
             2060 West Street
10           Annapolis, Maryland    21401

11       APPEARING ON BEHALF OF DEFENDANTS STINNETT and
         CALVERT COUNTY:
12
             Kevin Karpinski, Esq.
13           ALLEN, KARPINSKI, BRYANT & KARP, P.A.
             Suite 1540, 100 East Pratt Street
14           Baltimore, Maryland    21202

15       APPEARING ON BEHALF OF DEFENDANTS STATE OF MARYLAND,
         NEWCOMER and SHELDON:
16
             Donald E. Hoffman, Assistant Attorney General
17           OFFICE OF THE ATTORNEY GENERAL
             Maryland State Police Headquarters
18           1201 Reisterstown Road
             Pikesville, Maryland    21208
19

20

21

22

23

24

25
```

1  WHEREUPON,

2                    DR. GEORGE KIRKHAM,

3  having been first duly sworn by the undersigned Notary

4  Public for the State of Florida at Large, was examined

5  and testified under oath as follow:

6                    DIRECT EXAMINATION

7  BY MR. KARPINSKI:

8      Q.   Good morning, Dr. Kirkham.  My name is Kevin

9  Karpinski.  I represent Lorne Stinnett and Calvert County

10 in a suit that's pending in the United States District

11 Court for the District of Maryland.

12            Let me show you what has been marked as exhibit

13 one to your deposition, and ask if you will identify that

14 for me?

15     A.   Yes, this is a current copy of my Professional

16 Vita.

17     Q.   Are there any additions or deletions you wish to

18 make to it?

19     A.   No, sir.

20     Q.   Are there any corrections to it?

21     A.   No.

22     Q.   Why don't you walk me through your educational

23 background.

24     A.   Sure.  I hold a Bachelor's and Master's degree

25 in the field of criminology from California State

Everman & Everman, Inc.

1    me, and I can tip them off to if you would like.

2    Q.    Sure.

3    A.    Okay, the first, there are a number of -- I can

4    tell you also the things that were done correctly.

5    That's my job is really to try calling everything as I

6    see it.

7         I have no criticism of the initial involvement

8    of law enforcement authorities in this case.  For

9    example, the picking up of Mr. Gray at his residence

10   after he had apparently been identified, albeit

11   differently, by Holland and Long as having been involved,

12   and the knowledge that the law enforcement personnel

13   would have had that he had a history, albeit a minor

14   history, of breaking and entering and had been in the

15   area, in the area, I think it was reasonable for them,

16   given the severity of the crime, for them to pick him up

17   and bring him in for questioning.  It is after that that

18   we begin to have serious problems, and this is what

19   these -- these are they, basically.

20        First, I would represent to you as someone who

21   is familiar with investigative protocols as they're

22   practiced throughout the United States in law enforcement

23   agencies and memorialized in various texts and articles

24   in criminal investigation, there are certain things that

25   are done and certain things that are, that are not done.