# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY GRAY | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. CCB-02-CV-385 |
| STATE OF MARYLAND, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO REQUESTS FOR ADMISSIONS

Calvert County and Lawrence Stinnett, Defendants, by ALLEN, KARPINSKI, BRYANT & KARP and KEVIN KARPINSKI, their attorneys, states as follows in response to Plaintiff's Requests for Admissions:

**Request No. 1.** The murder in question was committed on May 13, 1991 between 11:30 a.m. and 12:30 a.m.

**Response:** Denied.

**Request No. 2.** That between May 13, 1991 through June 20, 1991, the investigating officers drew a composite of an alleged white defendant.

**Response:** Defendant objects on the grounds that the term "investigating officers is vague and ambiguous. Without waiving said objection, admit that a composite of a suspect, not a "defendant", was prepared by some of the investigators that participated in the investigation.

Response: Denied.

**Request No. 29.** That during the period of interrogation on June 20-21, 1991, Plaintiff Anthony Gray was advised by Sheriff Stinnett and Tfc. Newcomer about being burnt to a crisp.

Response: Denied.

**Request No. 30.** That during the period of interrogation on June 20-21, 1991, Plaintiff Anthony Gray was promised that, if he confessed to the crime, he would not be electrocuted.

Response: Denied.

**Request No. 31.** That during the period of interrogation on June 20-21, 1991, Plaintiff Anthony Gray was advised that he would get a lighter sentence if he confessed to the crime.

Response: Denied.

**Request No. 32.** That Plaintiff Anthony Gray has limited intelligence.

Response: This Defendant is without sufficient knowledge to admit or deny the statement after reasonable inquiry and therefore it is denied.

**Request No. 33.** That Plaintiff Anthony Gray has a below normal IQ.

Response: This Defendant is without sufficient knowledge to admit or deny the statement after reasonable inquiry and therefore it is denied.

7

February 8, 1999 before the Honorable Graydon S. McKee, at which time Plaintiff Anthony Gray was released from incarceration.

Response: This Defendant is without sufficient knowledge to admit or deny the statement after reasonable inquiry and therefore it is denied.

Request No. 64. That Robert Riddle has stated that he believes that Plaintiff Anthony Gray is innocent of involvement with the crime.

Response: This Defendant is without sufficient knowledge to admit or deny the statement after reasonable inquiry and therefore it is denied.

Request No. 65. That Lloyd Reece Trimmer, police expert for the State of Maryland, et al. in this case, indicated at his deposition in this case that he felt Plaintiff Anthony Gray was innocent.

Response: Admit.

Request No. 66. That at his deposition in this case, Tfc. Newcomer stated that he presently felt that Plaintiff Anthony Gray was guilty of the crime.

Response: Admitted.

Request No. 67. That at his deposition in this case, former Sheriff Stinnett stated that he presently felt that Plaintiff Anthony Gray was guilty of the crime.

Response: Admitted.