IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY GRAY, | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.: CCB-02-CV-385 |
| STATE OF MARYLAND, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

DEFENDANTS STATE OF MARYLAND,
BRIAN NEWCOMER AND RICHARD SHELDON S
REPLY MEMORANDUM TO PLAINTIFF S OPPOSITION TO
ALL DEFENDANTS  MOTION FOR SUMMARY JUDGMENT

State of Maryland, Brian Newcomer, and Richard Sheldon, Defendants, by their attorneys, J. Joseph Curran, Jr., Attorney General, and Donald E. Hoffman, Assistant Attorney General, pursuant to Local Rule 105.2 hereby file their Reply Memorandum to Plaintiff s Opposition to All Defendants  Motions for Summary Judgment.

I. PLAINTIFF S FAILURE TO ESTABLISH ALL
OF  THE ESSENTIAL ELEMENTS OF ANY OF
ITS REMAINING CLAIMS REQUIRES SUMMARY
JUDGMENT FOR THE DEFENDANTS

The Plaintiff and above-named Defendants, in their respective Memoranda of Law seem to agree that the standard for granting summary judgment is  if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Such is the case in the instant matter.

Here, because Plaintiff has failed to make a showing sufficient to establish the required elements of malicious prosecution (Count I), Article 24, Maryland Declaration of Rights (Count IV), 42 U.S.C. § 1983 (malicious prosecution) (Count VII) and 42 U.S.C. § 1981 (Count VIII)[1], there can be  no genuine issue as to any material fact  since a complete failure of proof concerning an essential element...renders all other facts immaterial.  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Thus, summary judgment is appropriate for Defendants State of Maryland, Brian Newcomer, and Richard Sheldon.

Plaintiff begins his Memorandum of Law in Support of his Opposition to Defendants  Motions for Summary Judgment, by listing 24  facts  he claims were asserted by the Defendants herein.  Defendants State of Maryland, Newcomer and Sheldon did **not** assert those  facts  in their motion or supporting Memorandum of Law.  Thus, it s not clear to undersigned counsel if Plaintiff meant to state the 24  facts  were those he believed were in dispute.  In any event, those  facts  are not material, i.e., ones that are dependent upon substantive law and may affect the outcome of the suit.

---

[1] Plaintiff has admitted he  is unable to produce sufficient evidence to sustain this Count [VIII] under the law.  Opposition Memorandum at Argument IV, page 13.  Thus, Defendants respectfully ask this Honorable Court to immediately dismiss Count VIII.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). Thus, whether or not they may be in dispute is immaterial for purposes of summary judgment.

Plaintiff s Memorandum of Law is replete with legal conclusions masquerading as factual allegations he believes are actionable, e.g., a failure to give Plaintiff his Miranda warning before interrogation, that Defendants intimidated Gray, took advantage of his alleged  limited intelligence , etc.  See, Plaintiffs Memorandum of Law, pages 15-16. This Honorable Court need not, however, accept unsupported legal conclusions, Swedish Civil Aviation Admin. v. Project Management Enterprises, Inc., 190 F. Supp. 785, 790 (D. Md. 2002) quoting Revene v. Charles County Commissioners, 882 F.2d 870, 873 (4th Cir. 1989), that are couched as factual allegations.  Swedish Civil Aviation Admin. at 790, quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 2944 (1986).

      A.     Defendants Brian Newcomer And Richard Sheldon
            Are Entitled To Qualified Immunity

In contrast to Plaintiff s assertion that the Defendants  qualified immunity defense is generally a question of fact requiring resolution by a jury, the Supreme Court has repeatedly held that such  a ruling on that issue [qualified immunity] should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive.   Saucier v. Katz, 553 U.S. 194, 200, 121 S.Ct. 2151, 2156 (2001). Thus, it is proper for this Honorable Court to again consider qualified immunity.

For all those reasons stated in Defendants' Memorandum of Law accompanying their Motion for Summary Judgment, qualified immunity for Defendants Newcomer and Sheldon is appropriate.

      B.      Malicious Prosecution Claim

Plaintiff, in his Memorandum of Law, has correctly recognized the 4 essential elements of a claim for malicious prosecution, as stated in Heron v. Strader, 361 Md. 258, 264, 761 A.2d 56 (2000). See also, Candeloro v. Cole, 152 Md. App. 190, 199, 831 A.2d 495 (2003). The Defendants herein reiterate that Plaintiff has failed to establish all of the elements essential to his claim for malicious prosecution.

Defendant Newcomer was the trooper who on June 20, 1991, arrested Anthony Gray.[2] On June 21, 1991, he filed a Statement of Charges with a District Court Commissioner charging Anthony Gray with the burglary of the Pellicano home as well as the rape and murder of Linda Mae Pellicano on May 13, 1991. It is at this point that Plaintiff chooses to ignore his own police practices expert, Dr. George Kirkham, who opined that:

> I have no criticism of the initial involvement of law enforcement authorities in this case. For example, the picking up of Mr. Gray at his residence after he had apparently been identified, albeit differently, by Holland and Long as having been involved, and the knowledge that the law enforcement personnel would have had

---

[2] Defendant Richard Sheldon neither instituted nor continued a criminal proceeding against Plaintiff Gray. See, Richard Sheldon's Answers to Interrogatory Nos. 8 and 15, attached to Defendants State of Maryland, Brian Newcomer and Richard Sheldon's Memorandum of Law in Support of Motion for Summary Judgment.

> that he had a history, albeit a minor history, of breaking and
> entering and had been in the area, in the area, I think it was
> reasonable for them, given the severity of the crime, for them
> to pick him up and bring him in for questioning.

See, Deposition of Dr. George Kirkham, dated August 7, 2003, incorporated herein by reference and attached as Exhibit O, p. 34 to Defendants Calvert County and Stinnett's Memorandum of Law in Support of Motion for Summary Judgment. In short, that "picking up of Mr. Gray" by Defendant Newcomer was the arrest that occurred on June 20, 1991.

Not only has Plaintiff's own expert admitted to the existence of probable cause for the arrest of Mr. Gray, but such was recognized by the District Court Commissioner conducting the initial appearance for Mr. Gray on June 21, 1991. Commissioner Richard A. Parker, having found probable cause to detain Gray for murder,[3] such a finding renders the pre-trial seizure of him reasonable. See, Villeda v. Prince George's County, MD, 219 F.Supp. 696, 701 (D. Md. 2002) citing Brooks v. City of Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996).

The reasonableness of the arrest, as determined by the District Court Commissioner, is not diminished by Plaintiff's baseless allegation that the application for statement of probable cause contained an allegedly coerced statement of Gray. In the

---

[3] Although Plaintiff Gray was originally charged with murder, rape, and burglary, the finding of probable cause by the Commissioner as to only 1 of the charges is sufficient. By analogy see, Candeloro 152 Md. App. at 200, where the plaintiff Candeloro had been found guilty of only 1 of 5 charges the Maryland Court of Special Appeals found that her claim for malicious prosecution failed as a matter of law.

unreported decision of <u>Asuncion v. City of Gaithersburg</u>, 73 F.3d, 356 (Table), 1996 WL 1842 (4th Cir. 1996) (attached hereto as Exhibit "A"), the Plaintiff there also asserted that his malicious prosecution case fell within the "obtained by fraud, perjury, or other corrupt means" found in <u>Zablonsky v. Perkins</u>, 230 Md. 365, 187 A.2d 314 (1963).

The Fourth Circuit Court of Appeals in <u>Asuncion</u>, besides noting that Plaintiff failed to raise his allegation before the district court below, wrote "Asuncion's mere recitation of factual inconsistency is insufficient to demonstrate perjury by [the police officer] during the trial...." *2. Thus, Plaintiff's unsupported claim that "Newcomer's Application on which Gray was charged and held contained perjury" is not only without merit but cannot serve as a basis to defeat the finding of probable cause by the State District Court Commissioner or the conclusive determination of the existence of probable cause as a result of Plaintiff's guilty plea to murder and rape. <u>Quecedo v. DeVries</u>, 22 Md. App. 58, 70, 321 A.2d 285 (1974) and <u>Villeda</u> at 701.

All of these reasons cited herein that Plaintiff's malicious prosecution count must fail are equally applicable to Count VII, 42 U.S.C. § 1983 (malicious prosecution). It must be remembered that "[o]nce a pre-trial seizure has been rendered reasonable by virtue of a probable cause determination by a neutral and detached magistrate, the continuing pretrial seizure of a criminal defendant – either by detention or by bond restrictions – is reasonable." <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178, 184 (4th Cir. 1996).

II.  EXHIBITS 6, 7, 9 AND 12 TO PLAINTIFF S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS  MOTIONS FOR SUMMARY JUDGMENT ARE IMPROPER AND OUGHT TO BE EXCLUDED

A.  Plaintiff s Exhibits 6, 9, And 12

Plaintiff has appended to his Memorandum of Law in Opposition to Defendants Motions for Summary Judgment, 14 documentary exhibits.  Exhibit 6, Polygraph Results for Anthony Gray dated June 20, 1991; Exhibit 9, Maryland State Police Supplement Report No.: W-83-0332, 5 pages dated 6/26/91, and Exhibit 12, letter from Dr. George Kirkham to Mr. Alan Hilliard Legum, dated April 28, 2003, are improper and should not be considered by this Honorable Court.

It is clear precedent that on a motion for summary judgment, a district court may only consider evidence that would be admissible at trial.  Solis v. Prince George s County, 153 F.Supp. 2d 793, 798 (D. Md. 2001) citing Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322, 326 (4th Cir. 1989).   It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. Solis at 798 quoting, Lugue v. Hercules, Inc., 12 F.Supp. 2d 1351, 1355 (S.D. Ga. 1997). Thus, Plaintiff s inclusion of unsworn, unauthenticated Exhibits 6, 9, and 12 is improper and ought to be excluded by this Honorable Court.  See, also, Mitchell v. Data General Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993) holding that in the summary judgment phase of a case, the plaintiff s case must be scrutinized to determine whether sufficient

proof has been offered, in the form of admissible evidence, to carry the burden of proof in his claim at trial.

Exhibit 12, Letter from Dr. George Kirkham dated April 28, 2003, is additionally improper in that it is nothing more than an unsworn expert report that appears to have been completed in compliance with Fed. R. Civ. P. 26(a)(2). As such, it cannot be considered by this Honorable Court for purposes of summary judgment. Solis at 799, quoting from Lugue, 12 F.Supp. 2d at 1358.

      D.    Plaintiff s Exhibit 7

Plaintiff has also appended to his Memorandum of Law in Opposition to Defendants Motions for Summary Judgment, his own affidavit, dated 1-21-04". This affidavit ought not to be considered by this Honorable Court because it comes more than 10 months after Plaintiff s deposition by Defendants counsel and conflicts with some of Plaintiff s deposition testimony. Therefore, the veracity of the affidavit is highly questionable.

In his Memorandum of Law, Plaintiff asserts that during his interrogation of August 6, 1991, Defendants Newcomer and Sheldon intimidated Gray by reminding him of what Stinnett had told him...and stopped and started the tape repeatedly in order to coach Gray on what to say. Plaintiff s Memorandum of Law at 20. However, during his deposition of March 24, 2003, upon questioning both by Kevin Karpinski, Esquire and Donald E. Hoffman, Esquire, about the August 6, 1991, interrogation Plaintiff failed to

disclose these apparently recently recalled events. See, Deposition of Anthony Gray, pp. 75-78, and 111-113, attached hereto as Exhibit "B".

Additionally, Plaintiff alleges in his Memorandum of Law that Defendants Newcomer and Sheldon "stopped the tape repeatedly in order to correct mis-statements made by Gray[.]" Memorandum of Law at #14, p. 5, and "in order to coach Gray on what to say." Memorandum of Law at p. 20. When during his deposition Plaintiff was asked by Mr. Karpinski whether or not his transcribed statement of August 6, 1991, Deposition Exhibit 4, was what he had told the officers, without elaboration whatsoever, he said "Yes, sir." Exhibit B, Gray Deposition, p. 78. Plaintiff did not mention his current revelation that Newcomer and Sheldon allegedly stopped the tape to coach him with what to say.

Plaintiff's Affidavit actually conflicts with his deposition testimony of March 24, 2003. Wherein Plaintiff Gray's affidavit, at par. 9, states "they turned the tape recorder off and on so many times in order to tell me what to say so I would get it right[.]", his deposition alleges Newcomer and Sheldon provided the information "beforehand", before he gave the statement. Exhibit "B", Gray Deposition at 113.

Affidavits submitted on summary judgment do not deserve to receive unthinking acceptance by the court. In Re Edward, 934 F.2d 1304, 1308 (4th Cir. 1991). Where the affidavit conflicts with prior deposition testimony by the affiant, it may be an attempt by the plaintiff/affiant to create an issue of fact and ought not to be considered by this Honorable Court. Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 975 (4th Cir.

1990) holds that a party against whom summary judgment is sought cannot create a jury issue by creating discrepancies in his own account of the facts. That appears to be what Plaintiff attempts here. Thus, his affidavit is suspect at best and ought not to be considered by this Honorable Court.

      III.    PLAINTIFF S CLAIM IN COUNT IV IS BARRED BY THE STATUTE OF LIMITATIONS

Plaintiff asserts in his Memorandum of Law that he has stated a claim under Article 24 of the Maryland Declaration of Rights. Without the benefit of supporting case law, Plaintiff attempts to resuscitate his untimely filed claim by asserting for the first time Count IV of his Complaint is not barred because it includes his postconviction incarceration. He is mistaken.

For all of those reasons stated in Argument V. B. of Defendants Newcomer and Sheldon s Memorandum In Support Of Motion For Summary Judgment his claim fails and is untimely pursuant to the statute of limitations prescribed in Md. Cts. & Jud. Proc. § 5-101 (2002 Repl. Vol.). No matter the alleged constitutional bases for his claim, it cannot be more clear than the time it arose, if at all, was in 1991.

Statutes of limitations are designed primarily to assure fairness to defendants Doughty v. Prettyman, 219 Md. 83, 92-93, 148 A.2d 438 (1959). The State of Maryland s general 3 year statute of limitations is applicable to actions alleging a violation of Article 24, of the Maryland Declaration of Rights. Electro-Nucleonics, Inc. v. Washington Suburban Sanitary Commission, 315 Md. 361, 554 A.2d 804 (1989) cert.

denied, 493 U.S. 854, 110 S.Ct. 158 (1989).  That 3 year statute of limitations begins to run when the plaintiff knew or reasonably should have known of the alleged wrong.  Hecht v. Resolution Trust Corp., 333 Md. 324, 635 A.2d 394 (1994).

Plaintiff's allegations for Count IV of the Complaint are clear that from the time of his arrest, interrogations, placing of criminal charges, and his guilty plea on October 7, 1991, he had actual knowledge of the alleged violations of Article 24 of the Maryland Declaration of Rights.  In fact, in the true test copy of the docket sheet of Anthony Gray's criminal trial, attached to Plaintiff's Memorandum as Exhibit 14, as early as December 24, 1991, Plaintiff attempted to withdraw his guilty plea and thereafter filed several post-conviction proceedings.  See, True Test Copy of Docket entries for State v. Anthony Gray, C-91-409 PC attached hereto as Exhibit "C".  Therefore, Plaintiff clearly had knowledge, in 1991, of his alleged constitutional claims.  It cannot be more clear that his claim, if any, for alleged violation of Article 24, arose in 1991 and expired in 1994.

WHEREFORE, the Defendants herein, for all of these reasons stated in their Motion for Summary Judgment, Supporting Memorandum, and this Reply Memorandum ask this Honorable Court to grant summary judgment to Plaintiff's claims.

        Respectfully submitted,

        J. Joseph Curran, Jr.
        Attorney General


        /s/ Donald E. Hoffman
        Assistant Attorney General
        Maryland State Police
        1201 Reisterstown Road
        Pikesville, Maryland 21208
        410-653-4227
        Federal Bar No. 23529

        Attorney for Defendants
        Brian Newcomer, Richard Sheldon
        and State of Maryland


## CERTIFICATE OF SERVICE

    I hereby certify on this 9th day of February, 2004, I caused to be served, by and through E-filing with the United States District Court for the District of Maryland, Defendants Newcomer, Sheldon, and State of Maryland's Reply Memorandum to Plaintiff's Opposition to All Defendants' Motion for Summary Judgment to Alan Hilliard Legum, Esquire, Joel L. Katz, Esquire, and to Kevin Karpinski, Esquire.



        /s/ Donald E. Hoffman
        Assistant Attorney General
        Maryland State Police