IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY GRAY

    Plaintiff

                                                Civil Action No. CCB-02-CV-385

STATE OF MARYLAND, et al.

    Defendants

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CALVERT COUNTY'S AND LAWRENCE STINNETT'S REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION FOR SUMMARY JUDGMENT

CALVERT COUNTY and LAWRENCE STINNETT, two of the Defendants, by ALLEN, KARPINSKI, BRYANT & KARP, KEVIN KARPINSKI and MATTHEW PETER, their attorneys, respectfully submit this reply to Plaintiff's opposition to their motion for summary judgment.

In his opposition, Plaintiff concedes that he cannot maintain several of his claims against Calvert County and Sheriff Stinnett. In regards to Calvert County, Plaintiff concedes that he cannot maintain his malicious prosecution claim, his Maryland Declaration of Rights Claim or his § 1981 claim. Therefore, for purposes of this litigation, there is no dispute of fact as to whether Plaintiff can maintain those claims against Calvert County and summary judgment should be entered on its behalf on each of those claims.

Plaintiff also concedes that he cannot establish his § 1981 claim against Sheriff Stinnett in either his official or individual capacity. Therefore, summary judgment should be entered in his favor on that claim. Based upon Plaintiff's concessions and the Court's September 18, 2002 order,

it appears that the only remaining claims against Sheriff Stinnett are separate malicious prosecution claims arising under common law (Count I), Article 24 of the Maryland Declaration of Rights (Count IV) and 42 U.S.C. § 1983 (Count VII).

In a bald attempt to stave off summary judgment, Plaintiff submits an affidavit that purports to create a dispute of material fact.[1] In his affidavit, Plaintiff makes several statements which contradict his sworn deposition testimony. Sheriff Stinnett submits that because the affidavit contradicts Plaintiff's earlier deposition testimony that it should not be considered in determining whether he is entitled to summary judgment. See Higgins v. Food Lion, Inc., 197 F. Supp. 2d 364, 368 n. 4 (2002) citing Barwick v. Celotex Corp., 736 F. 2d 946, 960 (4th Cir. 1984) &Townley v. Norfolk & Western Ry. Co., 887 F.2d 498, 501 (4th Cir. 1989); Rohrbough v. Wyeth Laboratories, Inc., 916 F.2d 970, 975 (4th Cir. 1990).

In order to establish his malicious prosecution claim, whether under the common law, the Maryland Declaration of Rights, or 42 U.S.C. § 1983, Plaintiff must establish that Sheriff Stinnett (1) was responsible for instituting charges against him or continuing the charges against him and (2) that he lacked probable cause to do so. Heron v. Strader, 361 Md. 258, 264, 761 A.2d 56 (2000); Okwa v. Harper, 360 Md. 161, 183, 757 A.2d 118 (2000).

---

[1] It is ironic that Plaintiff would submit an affidavit. Plaintiff's affidavit states unequivocally that he is "competent" to make the sworn statements. Yet, one of the fundamental positions upon which Plaintiff's entire case is based is his supposed limited intelligence and that he is vulnerable to manipulation and saying things which other people want him to say.

2

Despite overwhelming and undisputed evidence that Sheriff Stinnett <u>did</u> <u>not</u> institute charges against him, or continue the charges against him, Plaintiff contends that Sheriff Stinnett can still be held liable for malicious prosecution. Plaintiff tries to draw the Court's attention away from the relevant facts by presenting a list of alleged inappropriate activities that he claims Sheriff Stinnett engaged in during his interrogation, but which Sheriff Stinnett has denied. None of those alleged activities, however, are material to the substantive issues before this Court.

The undisputed facts in this case render it impossible for Plaintiff to make out a *prima facie* malicious prosecution case against Sheriff Stinnett. It is undisputed that Officer Newcomer was the lead investigator in this case. See Plaintiff's Opposition, p. 18. Similarly, it is clear that Sheriff Stinnett's involvement with Plaintiff was limited to several hours spanning June 20 and 21, 1991. Most importantly, however, it is undisputed that "Newcomer made out the 'Application for Statement of Charges/Statement of Probable Cause' to detain Gray." Plaintiff's Opposition, p. 19. These facts lead to one inescapable conclusion - - Plaintiff can adduce no evidence that even suggests that Sheriff Stinnett initiated charges against him or allowed them to continue. Consequently, Plaintiff cannot establish an essential element of his malicious prosecution claim, and Sheriff Stinnett is entitled to summary judgment on Plaintiff's three malicious prosecution claims.

Plaintiff testified during his deposition that he had no further contact with Sheriff Stinnett after June 21, 1991. See Exhibit H to Calvert County & Sheriff's Stinnett's Motion for Summary Judgment, pp. 48-49, 74, 78 & 85. There is no dispute that Sheriff Stinnett <u>did</u> <u>not</u> participate in

3

the August 6, 1991 interrogation of Plaintiff, during which Plaintiff changed his earlier confession to admit that he was actually in Ms. Pelicano's home at the time of the murder and rape and watched as both crimes were committed. See Exhibit D to Calvert County & Sheriff's Stinnett's Motion for Summary Judgment, pp. 48-49. The record is similarly devoid of any evidence that Sheriff Stinnett had any involvement in the actual criminal prosecution of Plaintiff.

By August 6, 1991, Plaintiff no longer claimed he was merely a "lookout" as he did on June 21, 1991. On August 6, 1991, Plaintiff confessed that he was inside Ms. Pelicano's home on the day in question. After being questioned by Officer Sheldon, Plaintiff admitted he saw Mr. Long get a knife from the kitchen and that he then stood and watched as Mr. Holland used that knife to stab Ms. Pelicano. Plaintiff further admitted that he stood and watched Mr. Holland rape Ms. Pelicano after stabbing her multiple times. This confession, describing in detail Plaintiff's actual involvement in the crime, and not merely tangential involvement by serving as a "lookout", served as the basis for Plaintiff's conviction. Plaintiff admitted to these facts during the plea hearing, not the set of facts he "confessed" to Sheriff Stinnett on June 21, 1991.

Even if the Court agrees with Plaintiff and finds that Sheriff Stinnett was responsible for initiating charges against him or allowing them to continue, (and clearly he was not), Plaintiff cannot establish that there was insufficient probable cause to initiate charges against him, another essential element to his malicious prosecution claims. Plaintiff's own expert, Dr. George Kirkham, concedes that, based upon the information provided by Mr. Holland and Mr. Long, there was sufficient probable cause to bring Plaintiff in for questioning. See Exhibit O to Defendant's Motion

for Summary Judgment, p. 34. After he was brought in for questioning, Plaintiff confessed to involvement in the murder of Ms. Pelicano. Once Plaintiff confessed that he was involved in the murder and rape of Ms. Pelicano, no reasonable person would dispute that probable cause existed to initiate charges against Plaintiff. Clearly, with a confession in hand, Sheriff Stinnett and the officers investigating the heinous crimes committed against Ms. Pelicano could not release Plaintiff.

The existence of probable cause to arrest was affirmed several hours later, during a hearing before Commissioner Richard A. Parker, when Commissioner Parker determined that probable cause existed to detain Plaintiff for murder. See Villeda v. Prince George's County, MD, 219 F. Supp. 696, 701 (D.Md. 2002) citing Brooks v. City of Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996).

Plaintiff also contends that his conviction does not conclusively establish that there was probable cause to prosecute him. Specifically, Plaintiff argues that under Zablonsky v. Perkins, 230 Md. 365, 187 A.2d 314 (1963), because the conviction was based upon "fraud, perjury or other corrupt means" his conviction does not conclusively establish that probable cause existed to initiate charges against him. Plaintiff's argument is disingenuous in light of the fact that his conviction was based upon his own admissions made in open court.

Plaintiff was convicted after a hearing before the Honorable Judge Thomas Rymer of the Circuit Court for Calvert County. During the hearing, Plaintiff admitted to his involvement in Ms. Pelicano's murder and rape, in accordance with the confession he gave on August 6, 1991. While represented by counsel, Plaintiff admitted that he was involved in the crime. The Court did not

solicit any testimony from Sheriff Stinnett at the hearing and there is no evidence that indicates he was present during the hearing. Moreover, Plaintiff stated on the record that nobody threatened him in any way to get him to plead guilty. See Exhibit N to Calvert County & Sheriff's Stinnett's Motion for Summary Judgment, p. 14. Plaintiff's own statements in open court are conclusive that there was no fraud, perjury or other corrupt means utilized to convict him. He was convicted based upon his own oral statements made during open court, and he should not now be heard to argue that his conviction was based on fraud, perjury or other corrupt means.

If the Court finds that Plaintiff can establish his various claims for malicious prosecution against Sheriff Stinnett, he is still entitled to immunity on those claims. With respect to the state law claims and state law immunity, Plaintiff claims that there is sufficient evidence for a jury to determine that Sheriff Stinnett actions were malicious, thereby depriving him of the cloak of immunity. It is clear from the record before this Court, however, that there is insufficient evidence before this Court for a jury to find that Sheriff Stinnett acted maliciously.

In his opposition, Plaintiff cites Elliott v. Kupferman, 58 Md. App. 510, 526, 473 A.2d 960, 969 (1984) for the proposition that "an act is malicious if it is done knowingly and deliberately, for an improper motive and without legal justification." There is nothing in the record that suggests that Sheriff Stinnett's alleged actions were improperly motivated or without legal justification. Sheriff Stinnett was aiding Officer Newcomer in the investigation of the murder and rape of Ms. Pelicano. Based upon information that had been collected from two separate sources, Plaintiff was implicated in that crime. Prior to being told by Mr. Holland and Mr. Long that Plaintiff was

involved in the murder and rape of Ms. Pelicano, Sheriff Stinnett did not know Plaintiff. The two had no history of interaction. Sheriff Stinnett was not the lead investigator on the case, and there is no evidence that he was under any pressure to solve the crime. Consequently, there is nothing in the record to establish that Sheriff Stinnett's actions were motivated by anything other than his sworn duty to serve and protect the citizens of Calvert County. That duty necessarily permits him to take into custody those responsible for crimes so that they can be prosecuted. Consequently, Plaintiff cannot establish that Sheriff Stinnett's action were improperly motivated or taken without legal justification and Sheriff Stinnett is entitled to statutory immunity on Plaintiff's state law claims.

Sheriff Stinnett is similarly entitled to qualified immunity on Plaintiff's § 1983 claim for malicious prosecution claim because existing case law would not have put him on notice in 1991 that his actions could give rise to a constitutional action for malicious prosecution. One of the fundamental issues a court must address in determining whether a police officer is entitled to qualified immunity is whether the right was clearly established at the time of the alleged violation. Gould v. Davis, 165 F.3d 265, 269 (4th Cir. 1998); Solis v. Prince George's County, 153 F.Supp.2d 793, 800 (D. Md. 2001). The inquiry as to "whether the right was clearly established .must be undertaken in light of the specific context of the case, not as a broad general proposition." Saucier v. Katz, 533 U.S. 194, 202 (2001).

It was not clearly established on June 21, 1991 that the Fourth Amendment protected an individual from malicious prosecution. The Supreme Court did not recognize that an individual

7

had a Fourth Amendment protection against malicious prosecution until it issued its opinion in Albright v. Oliver, 510 U.S. 222 (1994), three years after Plaintiff was arrested. Plaintiff has cited to no case law that even suggests that prior to Albright it had been clearly established that the Fourth Amendment provided protection to an individual against malicious prosecution.

Plaintiff's opposition is devoid of any argument regarding Albright or when the Supreme Court first recognized that the Fourth Amendment protects individuals against malicious prosecution. Instead, Plaintiff's argument in opposition to Sheriff Stinnett's claims of immunity consists primarily of a laundry list of actions undertaken by all Defendants that he claims give rise to constitutional violations. Conspicuously absent from Plaintiff's list of allegedly unconstitutional actions is citation to any case law that holds that any of the listed actions give rise to a constitutional claim for malicious prosecution. Therefore, it is undisputed that on June 21, 1991, it was not clearly established that the Fourth Amendment protected an individual from malicious prosecution and Sheriff Stinnett is entitled qualified immunity on Plaintiff's § 1983 malicious prosecution claim.

Finally, in his opposition, Plaintiff also asserts that his Maryland Declaration of Rights claim includes more than claims for unlawful arrest, false imprisonment (which the Court has already dismissed on limitations grounds) and malicious prosecution. Plaintiff contends that his Maryland Declaration of Rights claim also includes a claim related to his wrongful conviction and his post-conviction detention.

Plaintiff's position is inconsistent with this Court's interpretation of the nature and scope of Plaintiff's claims. It is plain from the Court's September 18, 2002 Order that it interpreted the Complaint as essentially one alleging only constitutional claims for false arrest, unlawful imprisonment and malicious prosecution. Plaintiff never took any action to alert the Court that the scope of his claims were any broader than the Court had interpreted them. Plaintiff never filed an amended complaint or took any other action offering any indication that his Complaint had been interpreted too narrowly. Consequently, Plaintiff should not now be permitted to 'expand" the nature of his claims in order to survive summary judgment.

Even if Plaintiff's Article 24 claim does include claims for wrongful conviction and post-conviction detention, those claims are plainly barred by the statute of limitations. The general three year statute of limitations on civil matters applies to claims arising under the Maryland Declaration of Rights. MD. CODE ANN., CTS. & JUD. PROC. § 5-101 (1998 Repl. Vol); McIver v. Russell 264 F Supp. 22 (D. Md. 1967); Davidson v. Koerber, 454 F. Supp. 1256 (D. Md. 1978), Electro-Nucleonics, Inc. v. Washington Suburban Sanitary Commission, 315 Md. 361, 554 A.2d. 804 (1989) cert. denied, 493 U.S. 854 (1989). The statue of limitations begins to run when a plaintiff knew, or with due diligence, should have known of the wrong. Doe v. Archidocese of Washington, 114 Md. App. 169, 689 A.2d 634 (1997).

As discussed above, Plaintiff plead guilty, in open court, to the charges against him on October 7, 1991. To the extent Plaintiff claims Sheriff Stinnett is responsible for his wrongful conviction, he had until October 7, 1994 to file a claim against Sheriff Stinnett. Plaintiff failed to

9

do so. In fact, Plaintiff did not file his claims until February 7, 2002, well beyond the expiration of the statute of limitations. Because Plaintiff failed to file his Maryland Declaration of Rights claims for wrongful conviction in a timely fashion, Sheriff Stinnett is entitled to summary judgment on that claim.

Plaintiff's post-conviction detention claim under Article 24 is also barred by the statute of limitations. The docket entries from Plaintiff's criminal case indicate that by December 26, 1991, he had already filed a motion to withdraw his guilty plea. See Exhibit 14. Clearly, Plaintiff was already on notice of his post-conviction detention claim by the end of December, 1991. Therefore, Plaintiff had until the end of December, 1994 to file a claim. Plaintiff failed to do so and Sheriff Stinnett is entitled to summary judgment on Plaintiff's post-conviction claim arising under the Maryland Declaration of Rights.

## CONCLUSION

Based on the foregoing, Calvert County and Sheriff Lawrence Stinnett submit that there is no dispute of material fact regarding Plaintiff's claims against them and they request that this Honorable Court grant their Motion for Summary Judgment.

                    Respectfully submitted,

                    ALLEN, KARPINSKI, BRYANT
                    & KARP

                    BY: _____/s/_____
                            KEVIN KARPINSKI

>                                   /s/
> _____
> MATTHEW PETER
> 100 East Pratt Street
> Suite 1540
> Baltimore, Maryland 21202
> 410-727-5000
> Attorneys for Calvert County and Lawrence Stinnett

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of February, 2004, a copy of Calvert County's and Lawrence Stinnett's Reply to Plaintiff's Opposition to Their Motion for Summary Judgment was electronically filed with notice to:

Alan Hilliard Legum, Esquire
ALAN HILLIARD LEGUM, P.A.
275 West Street
Suite 305
Annapolis, Maryland 21401

Joel L. Katz, Esquire
JOEL L. KATZ, L.L.C.
2060 West Street
Annapolis, Maryland 21401
Attorneys for Plaintiff

Donald E. Hoffman
Assistant Attorney General
Maryland State Police
1201 Reisterstown Road
Pikesville, Maryland 21208
Attorney for Defendants State of Maryland, Brian Newcomer and Richard Sheldon

>                                   /s/
> _____
> Of Counsel for Calvert County
> and Lawrence Stinnett